ACCEPTED
01-15-00322-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/9/2015 3:03:35 PM
CHRISTOPHER PRINE
CLERK

01-15-00322-CV

No. _____

IN THE FIRST COURT OF APPEALS
AT HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
4/9/2015 3:03:35 PM
CHRISTOPHER A. PRINE
Clerk

_____

IN RE ERNESTO CARRILLO AND
TEXAS LPG STORAGE COMPANY,
RELATORS

_____

From the 245th District Court of Harris County, Texas
The Honorable Roy Moore, presiding
Trial Court Cause No. 2014-30215
In the Matter of the Marriage of Evangelina Lopez Guzman Zaragoza and Miguel Zaragoza
Fuentes and Co-Respondents, Elsa Esther Carrillo Anchondo, Robert Dale Caucom, Ernesto
Carrillo, Raoul Gisler, Abbingdon Marine, Inc., Cadogan Properties, Inc., Dade Aviation, Inc.,
Ezar Management, LLC, Ezar Properties, LP, Texas LPG Storage Company, and
Texas Overseas Gas Corp.

_____

**RELATORS ERNESTO CARRILLO'S AND TEXAS LPG STORAGE COMPANY'S
PETITION FOR WRIT OF MANDAMUS**

_____

Ricardo L. Ramos
State Bar No. 24027648
RICARDO L. RAMOS, PLLC
440 Louisiana, Suite 1450
Houston, Texas 77002
Telephone: (713) 227-7383
Facsimile: (713) 227-0104
rick@rr-familylaw.com

Lucy H. Forbes
State Bar No. 24007321
THE FORBES FIRM, PLLC
2114 Woodcrest Drive
Houston, Texas 77018
Telephone: (832) 620-3030
Facsimile: (832) 532-3789
lucy@forbesfirm.com

ATTORNEYS FOR RELATORS, ERNESTO CARRILLO AND TEXAS LPG STORAGE CO.

** ORAL ARGUMENT REQUESTED **

***EMERGENCY STAY OF THE UNDERLYING PROCEEDING AND TRIAL REQUESTED BY
MOTION AND URGENT NOTIFICATION SENT TO COUNSEL***

PREVIOUS MANDAMUS FILED IN THIS COURT: 01-14-00624-CV                    April 9, 2015

## IDENTITY OF PARTIES AND COUNSEL

| | |
|---|---|
| Counsel for *Relators*, Ernesto Carrillo and Texas LPG Storage Company<br><br>*Trial:*<br><br>Rick Ramos<br>RICARDO L. RAMOS, PLLC<br>440 Louisiana St., Suite 1450<br>Houston, Texas 77002<br>713-227-7383 – Tel<br>713-227-0104 – Fax<br>rick@rr-familylaw.com | *Appeal:*<br><br>Lucy H. Forbes<br>THE FORBES FIRM, PLLC<br>2114 Woodcrest Drive<br>Houston, Texas 77018<br>832-620-3030 - Tel<br>832-532-3789 - Fax |
| Counsel for *Real Party in Interest*, Evangelina Lopez Guzman Zaragoza<br><br>*Trial:*<br><br>Jeanne Caldwell McDowell<br>jcm@houstontrialattorneys.com<br>Rebekah H. Birdwell<br>rhb@houstontrialattorneys.com<br>The Law Offices of Jeanne Caldwell McDowell<br>603 Avondale<br>Houston, Texas 77006<br>Tel: (713) 655-9595<br>Fax: (713) 655-1725<br><br>Mary Olga Lovett<br>lovettm@gtlaw.com<br>Greenberg Traurig, L.L.P.<br>1000 Louisiana, Suite 1700<br>Houston, Texas 77002<br>Tel: (713) 374-3500<br>Fax: (713) 374-3505 | *Appeal*:<br><br>Unknown |

| | |
|---|---|
| Respondent *in mandamus proceeding*<br><br>The Honorable Roy L. Moore<br>Presiding Judge, 245th District Court<br>Harris County Civil Courthouse<br>201 Caroline, 15th Floor<br>Houston, Texas 77002 | |
| Counsel for Miguel Zaragoza Fuentes and *Co-Respondent at trial*, Myrna Zaragoza<br><br>Kevin D. Jewell<br>Chamberlain, Hrdlicka, White, Williams & Aughtry<br>1200 Smith Street, Suite 1400<br>Houston, Texas 77002<br>Telephone: 713-658-1818<br>Facsimile: 713-658-2553 | |
| Counsel for *Co-Respondent at trial*, Raoul Gisler[1]<br><br>Lindsey Short<br>Adam J. Morris<br>Short Carter Morris, LLP<br>1177 West Loop South, Suite 700<br>Houston, TX 77027<br>Telephone: 713-626-3345<br>Facsimile: 713-759-9650 | |

---

[1] Other than Relators, Ernesto Carrillo and Texas LPG Storage Company, Co-Respondent, Raoul Gisler, is the only Co-Respondent who has entered an appearance in the trial court.

# TABLE OF CONTENTS

Identity of Parties and Counsel ............................................................................... i

Table of Contents ................................................................................................... iii

Index of Authorities ............................................................................................... vi

Statement of the Case............................................................................................. xi

Statement of Jurisdiction...................................................................................... xiii

Statement Regarding Oral Argument .................................................................. xiv

Issues Presented ................................................................................................... xiv

Statement of Facts.................................................................................................... 1

1.    The facts pertaining to Carrillo and Texas LPG Storage Company's
      Plea to the Jurisdiction are undisputed, thus there is no impediment to
      this Court's granting this Petition..................................................................1

2.    The trial court was obligated to take judicial notice of the Mexican
      Divorce Records, which showed that they have been divorced since
      1959, thus, the 245th has no subject matter jurisdiction. ..............................7

3.    Evangelina initiated a simultaneous proceeding in Juárez, Chihuahua,
      Mexico to adjudicate the legitimacy of the 1959 Mexican divorce,
      which is pending; and every expert Evangelina presented at the
      hearing (all of whom were from Mexico) agreed that Mexico is the
      proper forum. .............................................................................................17

4.    Evangelina's lawyer in the simultaneous Mexican proceeding, Luis
      Alfonso Cervantes Munoz testified: Under current Mexican law,
      Evangelina's challenge to the 1959 Mexican divorce, (the annulment
      of divorce), to render that decree null and void, has to be made in a
      civil court in Mexico...................................................................................17

5.    Evangelina's expert, Ignacio Morales Lechuga testified: "Well,
      [Evangelina's challenges on his perceived "irregularities" with the
      1959 Mexican divorce] is under the jurisdiction of the Chihuahua
      court." ..........................................................................................................23

6.      Evangelina's expert, Miguel Alessio Robles testified: The proper jurisdictional court, in order to adjudicate the legitimacy of the 1959 Mexican divorce, is "a civil court in Chihuahua." .........................29

7.      Evangelina's witnesses at the Plea to the Jurisdiction hearing primarily reside in Juárez or in other parts of Mexico; none reside in Harris County........................................................................................32

Summary of Argument .......................................................................34

Argument.............................................................................................36

I.      Mandamus standard of review.......................................................36

II.      The trial court failed to apply the law correctly by refusing to take judicial notice of a foreign country's court records establishing the adjudicative fact that Evangelina and Miguel are divorced. .........................38

     A.      Rule of Evidence 201 *mandates* judicial notice when the court is supplied with the necessary information. ......................................41

     B.      Relators supplied the court with the necessary information, which Evangelina did not dispute. .......................................42

         1.      The Mexican Divorce Records are authentic...........................42

         2.      The Mexican Divorce Records were translated in strict compliance with the Rules of Evidence................................44

     C.      The trial court failed to comply with its mandatory duty to judicially notice the Mexican Divorce Records ................................46

III.      The trial court abused its discretion by denying Relators' Plea to the Jurisdiction..........................................................................................47

     A.      A Plea to the Jurisdiction is a proper procedural vehicle to challenge subject matter jurisdiction................................................48

     B.      Evangelina has already initiated a simultaneous proceeding in Juárez, Chihuahua for adjudication on the legitimacy of the 1959 Mexican divorce and may not collaterally attack that decree or the Mexican Divorce Records in the 245th.........................49

iv

    C.    The 245th has no jurisdiction over Evangelina's claims against Relators, which are based on a fiduciary relationship that ceased to exist in 1959. ...............................................52

Conclusion .............................................................................................56

Certificate of Service ........................................................... xvi

Certification ......................................................................... xvii

Certificate of Compliance ..................................................... xvii

# INDEX OF AUTHORITIES

**Cases**

*Attorney General of Texas v. Litten*,
     999 S.W.2d 74 (Tex. App.—Houston [14th Dist.] 1999, no pet.) ...............46

*Barr v. Resolution Trust Corp.*,
     837 S.W.2d 627 (Tex. 1992) ...................................................................51

*Berry v. Berry*,
     786 S.W.2d 672 (Tex. 1990) (per curiam) ......................................49

*Bland I.S.D. v. Blue*,
     34 S.W.3d 547 (Tex. 2000) ...............................................................48, 49

*Boyd v. Boyd*,
     67 S.W.3d 398 (Tex. App.—Fort Worth 2002, no pet.) ..............................53

*Bruton v. State*,
     428 S.W.3d 865, 879 n. 69 (Tex. Crim. App. 2014) ....................................43

*Carrillo v. Garzon*,
     No. 14-94-00630-CV, 1995 WL 628156, 1995 Tex.App.LEXIS
     2714 (Tex. App.—Houston [14th Dist.] October 26, 1995, no
     writ)........................................................................................................50, 51

*City of El Paso v. Fox*,
     No. 08-12-00264-CV, 2014 WL 5023089, 2014
     Tex.App.LEXIS 11157 (Tex. App.—El Paso October 8, 2014,
     no pet.) ..................................................................................................47

*Drake v. Holstead*,
     757 S.W.2d 909 (Tex. App.—Beaumont 1988, no writ) ..............................46

*Flores v. Contreras*,
     981 S.W.2d 246 (Tex. App.—San Antonio 1998, pet. denied) ...................43

*Getty Oil Co. v. Ins. Co. of N. Am.*,
     845 S.W.2d 794 (Tex. 1992) ...................................................................51

*Heafner & Assocs. v. Koecher*,
 No. 01-91-01075-CV, 1994 WL 389030 1994 Tex.App.LEXIS
 1868 (Tex. App.—Houston [1st Dist.] July 28, 1994, writ
 denied) ......................................................................................................55

*Hill v. Heritage Resources, Inc.*,
 964 S.W.2d 89 (Tex. App.—El Paso 1998, pet. denied)..............................46

*In re Am. Nat'l County Mut. Ins. Co.*,
 No. 14-12-01135-CV, 2013 Tex.App.LEXIS 1278, at *4 (Tex.
 App.—Houston [14th Dist.] Feb. 6, 2013, orig. proceeding) .......................36

*In re Barnes*,
 127 S.W.3d 843 (Tex. App.—San Antonio 2003, orig.
 proceeding) ................................................................................................37

*In re John G. and Marie Stella Kenedy Memorial Foundation*,
 315 S.W.3d 519 (Tex. 2010) ......................................................................37

*In re JP Morgan Chase Bank, N.A.*,
 No. 14-10-01124-CV, 2011 Tex.App.LEXIS 414 (Tex. App.—
 Houston [14th Dist.] Jan. 20, 2011, orig. proceeding) (per
 curiam) ......................................................................................................37

*In re Marriage of J.B. and H.B.*,
 326 S.W.3d 654 (Tex. App.—Dallas 2010, pet. granted) ............................49
*In re Park Memorial Condo. Assoc., Inc.*,
 322 S.W.3d 447, 448 (Tex. App.—Houston [14th Dist.] 2010,
 orig. proceeding)........................................................................................37

*In re Sw. Bell Tel. Co.*,
 35 S.W.3d 602 (Tex. 2000) (orig. proceeding) (per curiam) ..................37, 38

*In re Vaishangi, Inc.*,
 442 S.W.3d 256 (Tex. 2014) (per curiam) ..................................................38

*Jacobs v. Cude*,
 641 S.W.2d 258 (Tex. App.—Houston [14th Dist.] 1982, writ
 ref'd n.r.e.) ................................................................................................49

vii

*Kern v. Gleason*,
    840 S.W.2d 730 (Tex. App.—Amarillo 1992, no writ) ................................55

*Langdal v. Villamil*,
    813 S.W.2d 187 (Tex. App.—Houston [14th Dist.] 1991, no
    writ)................................................................................................................41

*Lazarides v. Farris*,
    367 S.W.3d 788 (Tex. App.—Houston [14th Dist.] 2012, no
    pet.) ...............................................................................................................47

*Magee v. Ulery*,
    993 S.W.2d 332 (Tex. App.—Houston [14th Dist.] 1999, no
    pet.) ...............................................................................................................46

*Matter of Marriage of Moore*,
    890 S.W.2d 821 (Tex. App.—Amarillo 1994, no writ) ...............................54

*Moreno v. Alejandro*,
    775 S.W.2d 735 (Tex. App.—San Antonio 1989, writ denied)....................49

*Office of Pub. Util. Counsel v. Pub. Util. Comm'n of Texas*,
    878 S.W.2d 598 (Tex. 1994) .......................................................................46

*Old Republic Surety Co. v. Bonham State Bank*,
    172 S.W.3d 210 (Tex. App.—Texarkana 2005, no pet.) .............................41

*Parker v. Parker*,
    897 S.W.2d 918 (Tex. App.—Fort Worth 1995, writ denied),
    *overruled on other grounds*, *Formosa Plastics Corp. USA v.*
    *Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41 (Tex.
    1998) ..............................................................................................................53

*Purcell v. Bellinger*,
    940 S.W.2d 599 (Tex. 1997) (per curiam) ..................................................51

*Sagebrush Sales Co. v. Strauss*,
    605 S.W.2d 857 (Tex. 1980) .......................................................................55

*Tex. Ass'n of Business v. Air Control Bd.*,
852 S.W.2d 440 (Tex. 1993) ....................................................................36

*Texas Dep't of Parks & Wildlife v. Miranda*,
133 S.W.3d 217 (Tex. 2004) ....................................................................48

*Toles v. Toles*,
113 S.W.3d 899 (Tex. App.—Dallas 2003, no pet.) ....................................53

*Walker v. Walker*,
619 S.W.2d 196 (Tex. App.—Tyler 1981, writ ref'd n.r.e.) ........................49

*Weiman v. Addicks-Fairbanks Road Sand Co.*,
846 S.W.2d 414 (Tex. App.—Houston [14th Dist.] 1992, writ
denied) ..................................................................................................51

*Zisblatt v. Zisblatt*,
693 S.W.2d 944 (Tex. App.—Fort Worth 1985, writ dism'd
w.o.j.) ...................................................................................................55

**Statutes**

TEX. GOV. CODE § 22.221 ........................................................................ xi

TEX. GOV. CODE §22.201(b), (o)................................................................ xi

**Rules**

TEX. R. EVID. 201...............................................ii, x, xi, xii, 34, 41, xiv

TEX. R. EVID. 201(b) ...........................................................................41

TEX. R. EVID. 201(d) ..................................................................... 41, 46

TEX. R. EVID. 201(f)............................................................................41

TEX. R. EVID. 902(3) ..................................................................... xii, 42

TEX. R. EVID. 1009.................................................................. xii, 8, 44, 45

TEX. R. EVID. 1009(a) ..........................................................................45

TEX. R. EVID. 1009(c). .......................................................................45

**Treatises**

RESTATEMENT (SECOND) OF JUDGMENTS §24(1)-(2)................................................51

No. _____

_____

IN RE ERNESTO CARRILLO AND
TEXAS LPG STORAGE CO.,
RELATORS

_____

From the 245th District Court of Harris County, Texas
The Honorable Roy Moore, presiding
Trial Court Cause No. 2014-30215
In the Matter of the Marriage of Evangelina Lopez Guzman Zaragoza and Miguel Zaragoza Fuentes and Co-Respondents, Elsa Esther Carrillo Anchondo, Robert Dale Caucom, Ernesto Carrillo, Raoul Gisler, Abbingdon Marine, Inc., Cadogan Properties, Inc., Dade Aviation, Inc., Ezar Management, LLC, Ezar Properties, LP, Texas LPG Storage Company, and Texas Overseas Gas Corp.

_____

**RELATORS ERNESTO CARRILLO'S AND TEXAS LPG STORAGE CO.'S PETITION FOR WRIT OF MANDAMUS**

_____

Relators, Ernesto Carrillo and Texas LPG Storage Company, would show this Honorable First Court of Appeals as follows:

## STATEMENT OF THE CASE

This Petition for Writ of Mandamus arises from the 245th District Court's denial of Relators' Plea to the Jurisdiction. The underlying matter is a Petition for Divorce, filed by Real Party in Interest, Evangelina Lopez Guzman Zaragoza, to dissolve a marriage from 1953 between she and Miguel Zaragoza Fuentes.

Evangelina filed for divorce in Juárez in 1959, and the Second Civil Court, in the City of Ciudad Juárez,[2] in the State of Chihuahua, Mexico dissolved her marriage to Miguel Zaragoza Fuentes in 1959.

Relators supplied the 245th with the necessary information under Texas Rule of Evidence 201. The trial court's duty to take judicial notice was mandatory. The Mexican Divorce Records establish that there is no marriage, which deprives the 245th of subject matter jurisdiction over a divorce action. Moreover, Evangelina's Texas counsel presented for admission into evidence P-2, which is the original and translated versions, of the Mexican Divorce Sentence and the Mexican Divorce Certificate, at the Plea to the Jurisdiction hearing, and had no objections to Relators' translations. (1-RR-34-35, 67, 161, 16-67). Yet, the 245th refused to take judicial notice of the Mexican Divorce Records, which showed they have been divorced since 1959, and the 245th lacks subject matter jurisdiction to divorce them; thereby abusing its discretion.

Evangelina has initiated two proceedings pending in two different countries: in Juárez, Mexico, she wants the 1959 Mexican divorce annulled, and in the 245th in Harris County, she claims she is still married, and wants a divorce. She cannot collaterally attack the Mexican Divorce Records in the 245th.

---

[2] The city of Ciudad Juárez is commonly referred to as Juárez.

All of *her* experts who testified at the Plea to the Jurisdiction hearing agreed that the Juárez courts are the proper forum, and the only court with jurisdiction, for an annulment of 1959 Mexican divorce, under Mexican law and procedure, where Evangelina's annulment proceeding is ongoing.

The Relators have no legitimate connection to this family matter. Ernesto Carrillo is Miguel's employee and Texas LPG Storage is Carrillo's company.

Evangelina is forum shopping. Only one of these countries' courts can have subject matter jurisdiction over the legitimacy of the 1959 Mexican divorce. And that court, according to Evangelina's own experts, is the one in Juárez.

Relators seek to have this Court grant this Petition for Writ of Mandamus, command that the 245th vacate its Order Denying the Plea to the Jurisdiction, and mandate that it sign an Order dismissing the lawsuit and all its claims so that the court with jurisdiction in Juárez can adjudicate Evangelina's claims.

## STATEMENT OF JURISDICTION

This Court has jurisdiction to issue a writ of mandamus against a judge of a district court in the court of appeals district. TEX. GOV. CODE § 22.221 (writ power); §22.201(b), (o) (courts of appeals districts). The Honorable Roy L. Moore is a district court judge presiding over the 245th District Court, which is situated in Harris County, and is within the First and Fourteenth Courts of Appeals districts. *Id.*

<u>**STATEMENT REGARDING ORAL ARGUMENT**</u>

Oral argument would aid the court's decisional process.

<u>**ISSUES PRESENTED**</u>

A Texas family court does not possess subject matter jurisdiction over a purported divorce action when the parties are not married. Here, the putative spouses to the underlying proceeding, who are both life-long residents of Mexico, were divorced in Mexico in 1959. Relators brought the divorce records to the trial court's attention through a plea to the jurisdiction, and requested dismissal of the lawsuit. The trial court refused to take judicial notice of the divorce records and denied the plea to the jurisdiction.

With that background in mind, the issues include:

1. Whether the trial court erred in refusing to judicially notice the properly certified and translated Mexican divorce records, to which Real Party in Interest did not object? TEX. R. EVID. 201, 902(3), 1009.

2. Whether the trial court erred in denying the plea to the jurisdiction? Because the court had a mandatory duty to judicially notice the Mexican divorce records, and because they conclusively state that the alleged spouses are in fact divorced, the Harris County family court lacks subject matter jurisdiction.

3. Whether the trial court possesses subject matter jurisdiction over the underlying purported divorce action?

4. Whether Real Party in Interest's challenges to the Mexican Divorce Records constitute an impermissible collateral attack on the validly certified divorce judgment of a foreign nation?

**1. The facts pertaining to Carrillo and Texas LPG Storage Company's Plea to the Jurisdiction are undisputed, thus there is no impediment to this Court's granting this Petition.**

The facts relevant to Ernesto Carrillo's and Texas LPG Storage Company's (collectively, "Carrillo" or "Relators") Plea to the Jurisdiction are undisputed and follow.[3] (2-CR)

On March 11, 2015, the trial court signed its Order Denying Plea to the Jurisdiction, thereby denying Ernesto Carrillo's and Texas LPG Storage Company's Plea to the Jurisdiction. (1-CR). It is copied below:

---

[3] Attorney Ricardo Ramos filed the Plea to the Jurisdiction on behalf of both of his clients, Ernesto Carrillo and Texas LPG Storage Company. (1-RR-18); (2-CR). Myrna Alicia Zaragoza Lopez also joined the Plea to the Jurisdiction. (2-CR). As of the morning of the hearing, however, Myrna advised her attorney, Kevin Jewell, that she wanted to withdraw her assertion of the Plea to the Jurisdiction. (1-RR-10, 19). Therefore, counsel Jewell, advised the court that Myrna Lopez had withdrawn her assertion of the Plea to the Jurisdiction. (1-RR-10, 19).

1

Unofficial Copy Office of Chris Daniel District Clerk

CAUSE NO. 2014-30215

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT OF |
| THE MARRIAGE OF | § | |
| | § | |
| EVANGELINA LOPEZ GUZMAN | § | |
| ZARAGOZA, | § | |
| AND | § | |
| MIGUEL ZARAGOZA FUENTES and | § | |
| CO-RESPONDENTS, | § | |
| ELSA ESTHER CARRILLO ANCHONDO, | § | HARRIS COUNTY, TEXAS |
| ROBERT DALE BAUCOM, | § | |
| ERNESTO CARRILLO, | § | |
| RAOUL GISLER, | § | |
| EVANGELINA ZARAGOZA LOPEZ, | § | |
| MYRNA ALICIA ZARAGOZA LOPEZ, | § | |
| ABBINGDON MARINE, INC., | § | |
| CADOGAN PROPERTIES, INC., | § | |
| DADE AVIATION, INC., | § | |
| EZAR MANAGEMENT, L.L.C., | § | |
| EZAR PROPERTIES, L.P., | § | |
| TEXAS LPG STORAGE COMPANY, AND | § | |
| TEXAS OVERSEAS GAS CORP. | § | 245th JUDICIAL DISTRICT |

FILED
Chris Daniel
District Clerk
MAR 11 2015
Time:_____
Harris County, Texas
By_____
Deputy

## ORDER DENYING PLEA TO THE JURISDICTION

On March 4, 2015 the Court heard Co-Respondents, Myrna Alicia Zaragoza Lopez, Ernesto Carrillo, and Texas LPG Storage Company's Plea to the Jurisdiction.

**Appearances**

Petitioner, **EVANGELINA LOPEZ GUZMAN ZARAGOZA**, appeared in person and through attorneys of record, Jeanne Caldwell McDowell and Mary Olga Lovett.

Respondent, **MIGUEL ZARAGOZA FUENTES**, although duly served through his attorney of record, Kevin Jewell, did not appear and did not authorize Kevin Jewell to participate in the hearing on his behalf.

Co-Respondent, Myrna Alicia Zaragoza Lopez, appeared through her attorney of record, Kevin Jewell.

Co-Respondents, Ernesto Carrillo and Texas LPG Storage, appeared through attorney of record, Ricardo L. Ramos.

Co-Respondent, **RAOUL GISLER**, appeared through attorney of record, J. Lindsey Short, Jr.

1

## Record

The record of testimony was duly reported by Rebecca Hammons, the court reporter for the 245th Judicial District Court.

## Hearing

Before the hearing commenced, Co-Respondent Myrna Alica Zaragoza Lopez announced to the Court on the record that she withdrew her Plea to the Jurisdiction, and she did not participate in the hearing.

The Court heard testimony and received evidence.

Co-Respondents Ernesto Carrillo and Texas LPG Storage Company requested that the Court take judicial notice of Exhibits A-D, also referred to in the record as Carrillos Exhibits 1, 2, 3, and 4, which had previously been filed and attached to the Plea to the Jurisdiction. The Court denied Co-Repondents' request to take judicial notice. The Court found that the requirements of Texas Rule of Evidence 1009 as related to Exhibits A-D were met.

## Denial of Plea

The Court ORDERS that Ernesto Carrillo's Plea to the Jurisdiction is denied.

SIGNED on _____ **MAR 11 2015** _____.

_____
JUDGE PRESIDING


APPROVED AS TO FORM ONLY :

**THE LAW OFFICE OF JEANNE**
**CALDWELL MCDOWELL**

**CHAMBERLAIN, HRDLICKA, WHITE,**
**WILLIAMS & AUGHTRY**


_____
**JEANNE CALDWELL MCDOWELL**
SBN: 00789194
603 Avondale
Houston, TX 77006
713-655-9595
713-655-1725
Attorney for Petitioner

_____
**KEVIN D. JEWELL**
SBN: 00787769
1200 Smith Street, Suite 1400
Houston, TX 77002
713-658-1818
713-658-2553 (Fax)
Attorney for Myrna Alicia Zaragoza Lopez

2

Unofficial Copy Office of Chris Daniel District Clerk

*Form only:*

SHORT, CARTER, MORRIS, L.L.P.

_____
J. LINDSEY SHORT, JR
SBN:
1177 West Loop South, Suite 700
Houston, TX 77027
713-626-3345
713-759-9650 (Fax)
Attorney for Co-Respondent Raoul Gisler

RICARDO L. RAMOS, PLLC

_____
RICARDO L. RAMOS
SBN: 24027648
440 Louisiana Street, Suite 1450
Houston, Texas 77002
Tel:    713-227-7383
Fax:    713-227-0104
Attorney for Co-Repondent Ernesto Carrillo

Unofficial Copy Office of Chris Daniel District Clerk

3

The underlying action, in which Relators finds themselves unsuspectingly embroiled in, is a family matter between Evangelina and Miguel, for a marriage long ago dissolved, on May 27, 1959, by the Second Civil Court, in the City of Juárez, in the State of Chihuahua, Mexico. (1-RR-CE-1, 2); (3-CR, 4-CR).[4] Real Party in Interest, Evangelina Lopez Guzman Zaragoza ("Evangelina") filed for divorce from Miguel Zaragoza Fuentes in Juárez in 1959. (1-RR-CE-1, 2).

Recently, Evangelina filed an action to annul the 1959 Mexican divorce, which is currently pending in Juárez. (1-RR-114).

On May 27, 2014, Evangelina also filed a petition for divorce here, in the 245th District Court in Harris County, seeking a divorce, claiming to still be married.

Evangelina is forum shopping. All of her experts testified that the court with jurisdiction to address her issues with the 1959 Mexican divorce is situated in Juárez, Chihuahua, in Mexico.

Following the divorce, Evangelina and Miguel continued to live together in Juárez, where they were domiciled until some point in the 2000s, perhaps as late as 2009, with Evangelina and Miguel living as concubines together. (1-RR-110).

---

[4] This citation refers to Carrillo's Exhibit 1, introduced at the March 4, 2015 Plea to the Jurisdiction hearing. All citations to (1-RR-CE) are to Carrillo's exhibits 1-4, which are the same as Exhibits A-D, attached to his Plea to the Jurisdiction. The parties agreed to re-designate them at the hearing and they appear in the reporter's record as "Castillo Exhibits 1-4." (RR March 4, 2015, pp. 164-65). The trial court acknowledged that they are one in the same. (1-RR-161-62).

5

Evangelina's son, Miguel Lopez, testified that his parents lived in Juárez for close to 50 years. (1-RR-131). Miguel Lopez testified that as of around 2000, his father, Miguel, was "not with her [Evangelina] anymore." (1-RR-130). Evangelina testified the last time she physically saw Miguel was in San Diego because one of her children underwent surgery around March of the previous year, "It's been a year ago, around there." (1-RR-53).

Thus, there was no informal marriage. Evangelina's live pleading supports this, as she alleged that they "ceased to live together as husband and wife on or about September 1, 2009."[5] (8-CR-5); (9-CR).

Despite having successfully divorced Miguel over fifty years ago, Evangelina seeks to re-litigate her claim in two countries, this time also attempting to reach into the pockets of Relators, Ernesto Carrillo ("Carrillo") and Texas LPG Storage Company ("Texas LPG"). Carrillo is alleged to be Miguel's employee, and Texas LPG is alleged to be Miguel's alter ego—though there is no evidence supporting either contention. (9-CR). Evangelina alleges in her First Amended Petition with the 245th, alleging that Carrillo is "the third party employee of

---

[5] While Evangelina has not alleged the existence of an informal marriage, it bears noting that Mexico does not recognize common law or informal marriages as a matter of law. *Nevarez v. Bailon*, 287 S.W.2d 521, 522-23 (Tex. Civ. App.—El Paso 1956, writ ref'd) (no common law in the Republic of Mexico, State of Chihuahua; only valid legal marriage in Mexico is one performed by and through civil authorities). *See also Gonzalez v. Viuda de Gonzalez*, 466 S.W.2d 839, 841 (Tex. Civ. App.—Dallas 1971, writ ref'd n.r.e.) (Mexico recognizes "concubinage," which is not a marriage).

Miguel." (8-CR-2). Carrillo and Texas LPG have no legitimate connection to this family matter.

**2.    The trial court was obligated to take judicial notice of the Mexican Divorce Records, which showed that they have been divorced since 1959, thus, the 245th has no subject matter jurisdiction.**

Relators filed a Plea to the Jurisdiction seeking a dismissal of the lawsuit for lack of subject matter jurisdiction, and attached certified, and translated, records from the Juárez court that issued the Divorce Sentence in 1959. (2-CR, 3-CR, 4-CR, 5-CR, 6-CR). The 245th should have taken judicial notice of these documents.

The relevant documents (the "Mexican Divorce Records"), which: (1) Relators filed with their Plea to the Jurisdiction, (2) the trial court admitted into evidence during the March 4, 2015 Plea to the Jurisdiction hearing, (3) Evangelina's lawyer admitted into evidence as P-2 (the Mexican Divorce Sentence and Mexican Divorce Certificate) during the March 4 hearing, and (4) Relators requested that the 245th take judicial notice of, are:

Exhibit 1 (or A):   the **Mexican Divorce Sentence**, File No. 1783/1959, dissolving the marriage "with all its legal consequences";

Exhibit 2 (or B):   the **Divorce Certificate** evidencing the divorce between Evangelina and Miguel;

Exhibit 3 (or C):   **Miguel's Mexican Birth Certificate** (containing a notation regarding the divorce); and

Exhibit 4 (or D):   **Evangelina's Mexican Birth Certificate** (containing a notation regarding the divorce).

(2-CR-6-CR); (1-RR-CE-1, 2).

7

Evangelina's counsel presented for admission into evidence, P-2, which is the original and translated versions, of the Mexican Divorce Sentence and the Divorce Certificate, at the Plea to the Jurisdiction hearing. (1-RR-67, 166); (1-RR-P-2). She asked the 245th to admit the very documents she refused to let the trial court take judicial notice of. (1-RR-67, 166-67). Evangelina's counsel also had no objection to the Mexican Divorce Records translations:

> MR. RAMOS: Judge, on the plea to the jurisdiction, we have one request. This has not been objected to, is the documents that accompany the plea to the jurisdiction that were attached as Exhibit A, B, C and D. They were the translations of the underlying legal documents from Mexico. There were translated 45 days prior to. There was never an objection filed to them. I think in their response to the plea to the jurisdiction, they've accepted the translations of those documents as true, so I think we can stipulate to that pursuant to a judicial admission in their response.

> MS. LOVETT: Your Honor, *I think the judicial admission complies with Rule 1009 and therefore we do not object*.

(1-RR-161) (emphasis added); *see also* (1-RR-34-35).

Still, the trial court refused to take judicial notice of them and refused to accept them as "valid." (1-RR-166). Further, despite a lack of objection to the translations, the court refused to take judicial notice that the translations were accurate. (1-RR-167). A week later, the 245th signed the Order Denying the Plea to the Jurisdiction, denying judicial notice of the Mexican Divorce Records, but finally finding "that the requirements of Texas Rule of Evidence 1009 as related to Exhibits A-D were met." (1-CR).

8

Though named as Co-Respondents in Evangelina's live pleading, Carrillo and Texas LPG are tied to this lawsuit only as putative alter egos of Miguel for the breach of fiduciary duty and constructive fraud claims Evangelina asserts against Miguel. (8-CR). But, as explained subsequently, neither of them could have been an alter ego of Miguel during the time of the marriage (from 1953 to 1959), the only time when a fiduciary relationship existed between Evangelina and Miguel.

The "Divorce Sentence" from Second Civil Court of Bravos District, in the City of Juárez, in the State of Chihuahua, in Mexico, sets out that Evangelina filed for divorce from Miguel "from the marriage that took place on the 14th day of October of 1953, in Las Cruces, State of New Mexico, United States of America." (1-RR-CE-1); (3-CR). The Divorce Sentence "dissolved with all its legal consequences" the marriage, on May 27, 1959. (1-RR-CE-1).

It acknowledged three of the four minor aged children of the marriage and ordered they "shall remain under the custody and care of their mother." (1-RR-CE-1). It ordered: "Register this resolution, publish it, provide to the interested parties with certified copies they request, and in due time, file this sentence." *Id.*

"And finally tried and sentenced, it was signed by Carlos Martinez Alvidrez, Second Civil Judge of the Bravos District in the City of Juárez, in the State of Chihuahua, in Mexico, with its Secretary with whom he acts and he attests." *Id.* It then ordered the "writ filed by MR. MIGUEL ZARAGOZA FUENTES, writ filed

9

before this Court on the 7th day of October, 2014, agreed on October 7, 2014, the attached certified copies are issued which are exact, true and correct copies taken from its original …." *Id.*

This Divorce Sentence follows:

Seals that read:
United Mexican States
Judicial Power
State of Chihuahua

Seals that read:
Judicial Power of the State of Chihuahua
Second Civil Court
United Mexican States
Bravos District

CIUDAD JUAREZ, CHIHUAHUA, ON THE TWENTY SEVEN DAY OF MAY OF ONE THOUSAND NINE HUNDRED AND FIFTY NINE.

HAVING, to DEFINITIVELY RESOLVE, the necessary divorce judgment promoted by Mrs. EVANGELINA LOPEZ DE ZARAGOZA, against MR. MIGUEL ZARAGOZA JR., (File 959); and

## RESULTING

First.- Through writ dated in this City on the eleventh day of this year, Mrs. Evangelina López de Zaragoza, expressly submitting herself to the jurisdiction of this Court, promoted a necessary divorce law suit against her husband, Mr. Miguel Zaragoza Jr., alleging as a cause: irreconcilable differences and stating also: that the marriage took place on the 14th. day of October of 1953, in Las Cruces, State of New Mexico, United States of America, as evidenced in the documents she presented; that there are three minor age children from such marriage named: Evangelina, César and Myrna Alicia, same which are under the custody of the plaintiff; and that there are no common assets of the community property.

Second.- The Law Suit was admitted, instructing to notify the defendant as set forth in the law suit and in writing dated today, Mr. Miguel Zaragoza, Jr., answered the law suit filed against him, confessing it in all its parts and requesting the resolution today dictated, due to the fact that all the legal requirements have been satisfied, inclusive the tax requirements, as evidenced in the Payment Certificate number 117151, issued by the Tax Collector of this City, which is attached hereto; and

## CONSIDERING

First.- This Court is competent to resolve this case, pursuant to the terms set in Articles 22 and 23 of the Divorce Law; it was provided, in accordance with Article 29 of the Law; the testimonial information to evidence the existence of the marriage and the birth of the minor age children.

Second.- As a cause of the divorce the plaintiff stated: irreconcilable differences as set in Fraction XIX of Article 3 of the mentioned Divorce Law, after confessing the law suit in all its parts, it was fully proved pursuant to the terms set in Article 373 of the Civil Procedural Code supplementary applied.



LORENA ERCHIZA PETRONE ZAMORA
PERITO TRADUCTOR
ESTADO DE CHIHUAHUA

11

Seals that read:
United Mexican States
Judicial Power
State of Chihuahua

Seals that read:
Judicial Power of the State of Chihuahua
Second Civil Court
United Mexican States
Bravos District

Third.- Having stated in the law suit that there are no common assets of the community property, nothing has to be resolved in this sentence on this matter, and regarding the minor age children of the marriage, pursuant to the terms of Article 11 of the Divorce Law, in its Fractions I and II, and pursuant to the resolution of the Public Prosecutor, said minor age children shall remain under the custody and care of their mother, Mrs. Evangelina López de Zaragoza.

In view of the above, and according to Articles 1, 2, 10, 37, 43, 44, and 45 of the Divorce Law, it is hereby resolved:

First.- The marriage between MIGUEL ZARAGOZA JR., AND EVANGELINA LOPEZ, is hereby declared dissolved with all its legal consequences, on the 14th. day of October of the year 1953 in Las Cruces, State of New Mexico, United States of America, being both parties legally able to remarry.

Second.- The minor age children of the marriage named: Evangelina Zaragoza López, César Zaragoza López and Myrna Alicia Zaragoza López, shall remain under the custody and care of their mother, Mrs. Evangelina López de Zaragoza.

Third.- Register this resolution, publish it, provide to the interested parties with certified copies they request, and in due time, file this sentence.

And finally tried and sentenced, it was signed by Carlos Martínez Alvídrez, Second Civil Judge of the Bravos District with its Secretary with whom he acts and he attests.-

The writ filed by MR. MIGUEL ZARAGOZA FUENTES, writ filed before this Court on the 7th. day of October, 2014, agreed on October 7, 2014, the attached certified copies are issued which are exact, true and correct copies taken from its original, are composed of one page, duly revised, sealed and initialed and extracted from the file, that, to this date, is composed of fourteen pages, are authorized and signed in Ciudad Juarez, Chihuahua, on the 9th. day of October, 2014.- I attest.-

THE SECRETARY OF AGREEMENTS OF THE SECOND CIVIL COURT
OF THE BRAVOS JUDICIAL DISTRICT
(SIGNATURE)
ATTORNEY PATRICIA G. GUERRERO MARTINEZ



LORENA ERCHIZA PETRONE ZAMORA
PERITO TRADUCTOR
ESTADO DE CHIHUAHUA

12

Seals that read:
United Mexican States
Judicial Power
State of Chihuahua

Seals that read:
Judicial Power of the State of Chihuahua
Second Civil Court
United Mexican States
Bravos District

THE ATTORNEY GABRIEL HUMBERTO SEPULVEDA REYES, GENERAL SECRETARY OF THE SUPREME COURT OF JUSTICE OF THE STATE, HEREBY CERTIFIES THAT THE ATTORNEY PATRICIA GUADALUPE GUERRERO MARTINEZ, AS SECRETARY OF AGREEMENT OF THE SECOND CIVIL COURT OF THE BRAVOS JUDICIAL DISTRICT, WITH RESIDENCE LOCATED IN CIUDAD JUAREZ, CHIHUAHUA, ISSUED THE ATTACHED DOCUMENT, POST WHICH SHE CURRENTLY HAS.

CHIHUAHUA, CHIHUAHUA, ON THE 15TH. DAY OF OCTOBER, 2014.- I ATTEST.-

CERTIFICATE PAID WITH RECEIPT NO. 3716760.

(SIGNATURE)
ATTORNEY GABRIEL HUMBERTO SEPULVEDA REYES

NO. 20409

MEXICO
APOSTILLE
(CONVENCION DE LA HAYE DU 5 OCTOBRE 1961)

FEES: $930.00
ORDER NO. 3716832

In Mexico this public document has been signed by C. ATTORNEY GABRIEL HUMBERTO SEPULVEDA REYES, acting in his capacity as GENERAL SECRETARY OF THE SUPREME COURT OF JUSTICE OF THE STATE and has the corresponding seal of the SUPREME COURT OF JUSTICE OF THE STATE.

Certified in Chihuahua, Chih., by ADRIANA ARELY RAMIREZ DELGADO, HEAD OF THE DEPARTMENT OF JUDICIAL ANALYSIS, on October 16, 2014

(signature)

On the reverse side:

THE HEAD OF THE JUDICIAL ANALYSIS DEPARTMENT OF THE GENERAL DIRECTION OF NORMATIVITY, BY DELEGATION OF AUTHORITY IN ITS FAVOR BY THE GENERAL DIRECTOR OF NORMATIVITY OF THE GENERAL MINISTRY OF THE GOVERNMENT PURSUANT TO THE TERMS OF FRACTION X OF ARTICLE 37 OF THE INTERNAL REGULATION OF THE GENERAL MINISTRY OF THE GOVERNMENT.

(SIGNATURE)
ADRIANA ARELY RAMIREZ DELGADO

The undersigned, LORENA ERCHIZA PETRONE ZAMORA, in my capacity as Official Translator certified by the State Department of Professions of the Ministry of Education and Culture of the State of Chihuahua, with Official Translator authorization number 1416311-S-VIII, certify and attest that, to the best of my knowledge, I have translated this Divorce Sentence and Apostille from the Spanish to the English language, Ciudad Juárez, Chihuahua, October 21, 2014.

LORENA ERCHIZA PETRONE ZAMORA

LORENA ERCHIZA PETRONE ZAMORA
PERITO TRADUCTOR
ESTADO DE CHIHUAHUA

13

(1-RR-CE-1); (3-CR).

Next, the Divorce Certificate from the Second Civil Court, in the State of Chihuahua, Mexico, Civil Registry, provides that Evangelina filed for divorce against Miguel. (1-RR-CE-2); (4-CR). The place of registration of the divorce is Juárez, Chihuahua and it acknowledges "Resolution Date" of May 27, 1959. (1-RR-CE-2).

The Registration Date is October 7, 2014,[6] in the State of Chihuahua as follows:

Resolution:

Contentious divorce necessary proceedings promoted by Mrs. Evangelina Lopez de Zaragoza filed a divorce against Miguel Zaragoza Jr. before the Second Judge of the Bravos Civil District, Chihuahua, relative to file number 1783/59, dated May 27, 1959, it is resolved the following:

First - It is decreed dissolved with all its legal consequences, the marriage between MIGUEL ZARAGOZA JR and EVANGELINA LOPEZ, on October 14, 1953, in Las Cruces, State of New Mexico, United States of America, being both parties legally able to marry;

Second - The minor children of the marriage named: EVANGELINA, CESAR AND MYRNA ALICIA, of last name Zaragoza Lopez remain under the legal custody of the mother MRS. EVANGELINA LOPEZ DE ZARAGOZA;

Third - Proceed with the registration of this resolution, publish it, provide the interested parties with certified copies as they require and file same. . . .

---

[6] This coincides around the time that Miguel filed his lawsuit in Juárez related to the 1959 Mexican divorce.

14

*Id.*

The Divorce Certificate follows:

# TRANSLATION

SH-54-19
A SEAL THAT READS:
"STATE OF CHIHUAHUA
COURRAGE, LOYALTY AND HOSPITALITY

A SEAL THAT READS:
UNITED MEXICAN STATES

## UNITED MEXICAN STATES
### STATE OF CHIHUAHUA
### CIVIL REGISTRY
### DIVORCE CERTIFICATE

IN THE NAME OF THE FREE AND SOVEREIGN STATE OF CHIHUAHUA, AS DIRECTOR OF THE CIVIL REGISTRY, I HEREBY CERTIFY AND ATTEST THAT IN THE ARCHIVES OF THIS DIRECTION, THERE IS A DIVORCE CERTIFICATE WHICH CONTAINS THE FOLLOWING INFORMATION:

| OFFICE: | BOOK No.: | PAGE No.: | CERTIFICATE No.: | REGISTRATION DATE: | CRIP HIM: |
|---|---|---|---|---|---|
| 5 | 51 | 166 | 827 | OCTOBER 7, 2014 | CRIP HER: |

| PLACE OF REGISTRATION: | LOCATION: JUAREZ | MUNICIPALITY: JUAREZ | STATE: CHIHUAHUA |
|---|---|---|---|

RESOLUTION DATE: MAY 27, 1959    COMPETENT AUTHORITY:    SECOND CIVIL COURT BRAVOS DISTRICT
HIS NAME: MIGUEL ZARAGOZA FUENTES   AGE: 80 YEARS   CITIZENSHIP:   MEXICAN
HER NAME: EVANGELINA LOPEZ GUZMAN   AGE: 85 YEARS   CITIZENSHIP:   MEXICAN

### DATA OF THE MARRIAGE CERTIFICATE

| OFFICE: | BOOK No.: | PAGE No.: | CERTIFICATE No.: | REGISTRATION DATE: | |
|---|---|---|---|---|---|
| 47 | 1 | 1 | 1 | OCTOBER 14, 1953 | |

| PLACE OF REGISTRATION: | LOCATION | MUNICIPALITY: UNITED STATES OF AMERICA | FEDERAL ENTITY: MEXICAN FOREIGN SERVICES |
|---|---|---|---|

RESOLUTION:
Contentious divorce necessary proceedings promoted by Mrs. Evangelina Lopez de Zaragoza against Mr. Miguel Zaragoza Jr., before the Second Judge of the Bravos Civil District, Chihuahua, relative to file number 1783/59, dated May 27, 1959, it is resolved the following: First.- It is decreed dissolved with all its legal consequences, the marriage between MIGUEL ZARAGOZA JR., and EVANGELINA LOPEZ, on October 14, 1953, in Las Cruces, State of New Mexico, United States of America, being both parties legally able to remarry; Second.- The minor children of the marriage named: EVANGELINA, CESAR AND MYRNA ALICIA, of last name ZARAGOZA LOPEZ, remain under the legal custody of the mother MRS. EVANGELINA LOPEZ DE ZARAGOZA; Third: Proceed with the registration of this resolution, publish it, provide the interested parties with certified copies as they require and, file same: Notify: and finally tried and sentence, I sign it CARLOS MARTINEZ ALVIDREZ, Second Civil Judge of the Bravos District with the Secretary with whom he acts and attest: I attest, on July 14, 2014, the execution of this resolution has been decreed for all the corresponding legal purposes, the above based on article 397, fraction II of the Civil Procedural Code current. NOTIFY.- It was agreed and signed by Mr. Jesus Alberto Rocha Vega, Second Civil Judge of the Bravos Judicial District, in conjunction with its Agreement Secretary Patricia Guadalupe Guerrero Martinez, with whom he acts. I Attest.-

THIS CERTIFICATION IS AN EXTRACT OF THE CERTIFICATE WHICH INFORMATION IS MENTIONED AND IS ISSUED ELECTRONICALLY SIGNED, AND IN AN AUTHOGRAF MANNER PURSUANT TO THE TERMS OF ARTICLES 49 OF THE CIVIL CODE FOR THE STATE OF CHIHUAHUA AND 2 OF THE INTERIOR REGULATIONS OF THE CIVIL REGISTRY OF THE STATE OF CHIHUAHUA, IN JUAREZ, JUAREZ, ON THE 9TH. DAY OF OCTOBER OF TWO THOUSAND FORTEEN.- I ATTEST.

A BAR CODE: "D64070191114"

(SIGNATURE)
CESAR FERNANDO RAMIREZ FRANCO
DIRECTOR OF THE CIVIL REGISTRY

To verify the authenticity of the contents of this document visit the following web page: http://www.chihuahua.gob.mx/sgg/regcivil

40803700052014008271
ENTRY 9127008

The undersigned, LORENA ERCHIZA PETRONE ZAMORA, in my capacity as Official Translator certified by the State Department of Professions of the Ministry of Education and Culture of the State of Chihuahua, with Official Translator authorization number 1416311-S-VIII, certify and attest that, to the best of my knowledge, I have translated this divorce certificate from the Spanish to the English language. Ciudad Juarez, Chihuahua, October 21, 2014.

LORENA ERCHIZA PETRONE ZAMORA

LORENA ERCHIZA PETRONE ZAMORA
PERITO TRADUCTOR
ESTADO DE CHIHUAHUA

(1-RR-CE-2); (4-CR).

16

**3.** **Evangelina initiated a simultaneous proceeding in Juárez, Chihuahua, Mexico to adjudicate the legitimacy of the 1959 Mexican divorce, which is pending; and every expert Evangelina presented at the hearing (all of whom were from Mexico) agreed that Mexico is the proper forum.**

There are two simultaneous proceedings, both initiated by Evangelina, on the very same issue, contesting the legitimacy of the 1959 Mexican divorce. Evangelina filed one proceeding in Juárez and the other in the 245th. Every one of her experts, all from Mexico, testified that Mexico has jurisdiction and is the proper forum to adjudicate Evangelina's claim that the divorce is illegitimate.

The 245th District Court has no subject matter jurisdiction over this matter.

Carrillo and Texas LPG have no legitimate connection to this family matter between Evangelina and Miguel.

**4.** **Evangelina's lawyer in the simultaneous Mexican proceeding, Luis Alfonso Cervantes Munoz testified: Under current Mexican law, Evangelina's challenge to the 1959 Mexican divorce, (the annulment of divorce), to render that decree null and void, has to be made in a civil court in Mexico.**

Evangelina's lawyer in the Juárez proceeding, Luis Alfonso Cervantes Munoz, is a lawyer in Mexico City and represents her in two related underlying proceedings pending in Mexico. (1-RR-108). Munoz testified at the Plea to the Jurisdiction hearing that he represents Evangelina in the an ongoing lawsuit that *she filed* in Juárez, Chihuahua in Mexico, whereby she is attempting to annul the 1959 Mexican divorce. (1-RR-112). He testified, "It's an ordinary civil lawsuit attending to the annulment of a concluded lawsuit…." (1-RR-114).

17

He is also defending her in a lawsuit filed by Miguel, where Miguel is attempting to enforce the 1959 Mexican divorce. (1-RR-110, 113). Miguel lives in Juárez. (1-RR-154).

With respect to the lawsuit Evangelina filed in Juárez, Munoz confirmed that he is aggressively representing Evangelina in the lawsuit, and she has the resources to do so. (1-RR-114-18). He explained Evangelina wants from the Juárez court, an annulment of the 1959 Mexican divorce that the Second Civil Court, in Juárez, Chihuahua granted.

From the 245th in Houston, she wants her "marriage" dissolved and to be divorced. (1-RR-113).

Yet, only one court can have subject matter jurisdiction, and all of Evangelina's experts agreed, that it is the Juárez, Chihuahua court that has subject matter jurisdiction.

> Q. ***Sir, have you filed a -- or made a request from the court in Juárez to grant the decree of divorce null and void from 1959***?
>
> A. ***I filed a lawsuit for the annulment of the divorce decree in 1959***.
>
> Q. ***And that is currently still pending in Juárez; is that correct?***
>
> A. ***Yes, that is correct.***
>
> Q. And have you had any hearings or any submissions in that proceeding?
>
> A. Yes. We filed the claim. The claim has been admitted --
>
> Q. Okay?

A.      -- and is in process.

Q.      Okay. What process is it in right now?

A.      *It's an ordinary civil lawsuit attending to the annulment of a concluded lawsuit*. Technically that is a legal action that anyone can file when a lawsuit has been fraudulently filed, prosecuted and sentenced, as we believe is the case of the divorce.

Q.      *Have you represented to the judge down in Juárez that there's an ongoing proceeding here in Harris County in order to obtain a similar ruling or in order to obtain a ruling on a similar issue*?

A.      *No, because it's not correct*.

Q.      What's not correct?

A.      What you are saying.

Q.      Why?

A.      *Because this procedure is not tending to a new divorce*.

Q.      So the judge in Juárez, safe to say, you can agree to disagree, has no knowledge that this case is going on here in the 245th?

A.      *Yes. The Juárez -- there are courts in Ciudad Juárez that know about this case being tried here in Houston*.

Q.      Okay. Have you attempted to stop the proceeding in Juárez in order to allow Judge Moore to take --

A.      Which proceeding because there are four proceedings in Juárez.

Q.      You have four proceedings in Juárez. Please tell Judge Moore about all of the proceedings that are ongoing in Juárez.

A.      Three are brought by Mr. Zaragoza.

                                    ***

Q.      Okay. And the one proceeding that Mrs. Zaragoza has in Juárez, Mr. Zaragoza has three, Mrs. Zaragoza has one; is that true?

19

A.    That's correct.

Q.    *And the one that she has ongoing in Juárez is to render the judgment for 1955 -- 1959 null and avoid; is that true*?

A.    *That's correct. Not the judgment, the whole proceeding*.

Q.     The whole proceeding?

A.    Yes.

***

Q.    *Okay. There's also resources involved from your law office or your law firm engaging a lawsuit against Mr. Zaragoza to render an order null and void in Juárez; is that true*?

A.    *That's true*.

Q.    There was some testimony about the court ultimately that would have jurisdiction is the Juárez court to render the judgment decree of divorce null and void; is that true?

A.    Can you please repeat the question?

MS. LOVETT: Objection, vague, misstates the testimony.

THE COURT: Sustained.

MR. RAMOS:  I'm sorry, let me rephrase my question.

Q.    (BY MR. RAMOS) Pursuant to your law, okay? Your laws, I'm sorry, the court that has jurisdiction --

THE COURT: Mr. Ramos, when you say "your law," could you be more specific for the record?

MR. RAMOS:      Yes, sir.

THE COURT:      Thank you, sir.

Q. (BY MR. RAMOS) *Under current Mexican law and the law that I'm referring to, I guess is the statute that was passed from 1988 that allows the challenge to be made to the decree of divorce, okay, to*

20

> *render that decree null and void, okay, that challenge has to be made in a civil court in Mexico; is that true*?

A.   That's -- the annulment of the divorce?

Q.   Yes, sir.

A.   ***Yes***.

(1-RR-114-18) (emphasis added).

Thus, Evangelina is prosecuting the legitimacy of the 1959 Mexican divorce in a simultaneous lawsuit that she filed in Juárez. Munoz, who represents her in that lawsuit, *testified that the annulment of divorce challenge that she filed had to have been brought in civil court in Mexico*.

Both the Juárez court and the 245th cannot have subject matter jurisdiction over the legitimacy of the 1959 Mexican divorce.

Munoz also represents Evangelina in a lawsuit, filed by Miguel, around October of 2014, in Juárez, whereby Miguel has alleged the parties have been divorced since 1959. (1-RR-110, 113). Munoz testified in the Mexican proceeding that Miguel initiated, "Basically, what [Miguel] is arguing, in a manner in the Court, is that *he has been the concubine for his wife for more than five decades*, that he lived with her and had children with a concubine, formerly the wife, that he registered his children as the father of those children, husband to Mrs. Evangelina." (1-RR-110) (emphasis added).

And then, Munoz explained Evangelina's strategy in the simultaneous Mexican proceeding, in the lawsuit filed by Miguel:

> A.  So in that procedure *we are representing Mrs. Zaragoza basically alleging that that court has no jurisdiction* over that issue on the grounds that the Zaragoza couple, the Zaragoza marriage had their domicile in Texas and that's why this court had knowledge of the issues related to the matrimony or the marriage of the Zaragozas earlier in the year and that's why, in our opinion, and that's what we are arguing in that lawsuit is that this court should sustain jurisdiction over the court in Mexico, in Ciudad Juárez as that court has no points of contact and this court have knowledge of the issues prior to, months before that.

(1-RR-110-11) (emphasis added).

To sum it up, Munoz explained Evangelina's position as: the Juárez court in which she seeks the annulment of the 1959 Mexican divorce has jurisdiction (because this serves her forum shopping interests); but the Juárez court in which Miguel seeks to have that divorce enforced, does not (because that doesn't serve her forum shopping interests); and the 245th has jurisdiction to divorce her (because that serves her forum shopping interests).

The standard for subject matter jurisdiction is not based on what serves Evangelina's forum shopping interests. The 245th has knowledge over a 12-month period over Evangelina and Miguel; versus the Juárez jurisdiction and courts have had 50+ years knowledge over them in Mexico. Additionally, there are at least two ongoing proceedings in Juárez.

22

The Chihuahua court that issued the Divorce Sentence and Divorce Certificate has ongoing, continuing, exclusive jurisdiction, when at the time of the divorce, they represented to that court that they had three minor children.

The only court with jurisdiction to decide the legitimacy of the 1959 Mexican divorce is the Juárez court, which is considering the issue already. The 245th has no subject matter jurisdiction.

**5.** **Evangelina's expert, Ignacio Morales Lechuga testified: "Well, [Evangelina's challenges on his perceived "irregularities" with the 1959 Mexican divorce] is under the jurisdiction of the Chihuahua court."**

Evangelina's expert, Ignacio Morales Lechuga, is a lawyer licensed to practice law in Mexico, and teaches contract law at the Escuela Libre de Derecho (in Mexico), practiced family law as a district attorney and notary public in Mexico. (1-RR-57-58). He does not, however, represent private clients in a courtroom. (1-RR-81).

Evangelina designated Lechuga to testify regarding Mexican law, the Mexican court system, and past and present litigation. (1-RR-60). Lechuga did not go to the divorce court in Chihuahua, where all the relevant documents are located. (1-RR-82). Instead, to present his testimony to the Harris County court, Lechuga reviewed documents that Evangelina's Houston and Mexican lawyers sent to him, as well as some from the Chihuahua government, such as: Evangelina's *Mexican Original Petition for Divorce from 1953*, filed in the State of Chihuahua, Mexico;

23

the trial documents in the Court in *Mexico* where Evangelina filed her Petition; two witness' testimonies; Miguel's answer to her Petition; payment of the costs; the verdict; a petition for certified copies from 1914 (witness later clarified, from 2014); executory resolution; and other certifications. (1-RR-61, 63, 64, 82).

Lechuga explained how a Mexican divorce proceeds from entry of a decree to the entry of a final unappealable judgment. (1-RR-76-78). He reviewed the Chihuahua divorce findings in this cause. (1-RR-84-87).

He testified as to: the law in effect in Chihuahua, Mexico in 1959 (1-RR-64); the procedure for obtaining a divorce in Mexico in 1959 (1-RR-66-67); the proper stamp that might appear on a document filed in 1959 in a Mexican proceeding in Chihuahua, under Mexican law (1-RR-69); the Mexican Civil Code of 1942 and the laws of Chihuahua (1-RR-70-73); an executory declaration proceeding and the consequences of that (1-RR-74); Article 159 of the Chihuahua Civil Procedures Code, published on July 11, 1942 (1-RR-85); Article 185 of the Chihuahua Civil Code (1-RR-87); the 1988 law requiring publishing of divorces (1-RR-75); and the final judgment was entered in their cause in 2014. (1-RR-75). He testified:

> A.    In 1988 a law was published, a law that modifies to establish the Court's jurisdiction or competency and that law in the transitory article states that for cases that are pending will continue to be resolved through the Court in which the case was filed originally. In a way that the executory takes place in 2014, then that means that the second court continued to recognize them as husband and wife.

24

(1-RR- 75-76).

With all this testimony on Mexican law and Mexican proceedings, of course, Evangelina's challenge to the legitimacy of the 1959 Mexican divorce is properly before the Juárez court, which has jurisdiction and dissolved the marriage in the first instance. Counsel notified the court during the Plea to the Jurisdiction hearing that: "Judge, *it's a collateral attack on the underlying Mexican judgment* . . . ." (1-RR-51-52) (emphasis added). The 245th has no subject matter jurisdiction over these issues.

Lechuga acknowledged that in the Divorce Sentence, the judge made findings pursuant to the divorce. (1-RR-86-87). The "irregularities" in the 1959 Mexican divorce about which he testified were that the "stamp" "looks a little bit weird for the time" that appears on page 3 of Evangelina's Original Petition for Divorce from 1953 that she filed in the Second Civil Court, in Juárez. (1-RR-67-68). The "little bit weird for the time" stamp should be a different type of stamp on a document filed in 1959, according to Lechuga. (1-RR-69). He also testified that: under the civil law of 1942 in Chihuahua, both marriage and birth certificates should have been attached, and witnesses could not be used to prove the existence of the marriage (1-RR-70-71); Evangelina and Miguel had four children in 1959, but only three were mentioned in the petition for divorce (1-RR-71); under the law at the time, provisions must have been made for the support of the minor children,

25

and none were made in the decree (1-RR-71-72); and although he acknowledged that the decree granted custody of the children to Evangelina, he claims child support was not addressed. (1-RR-72-73). Evangelina did not ask for child support in her Petition, but he testified that regardless, the court had to have given child support under the Chihuahua Civil Procedures Code. (1-RR-85). He also testified that an executory declaration that renders the divorce unappealable, and an executory order, should have issued in a matter of days. (1-RR-74).

All of these "irregularities" should have been raised at the time in Juárez, not now, 50+ years later, in the 245th. Counsel notified the court during the Plea to the Jurisdiction hearing that: "Judge, it's a collateral attack on the underlying Mexican judgment . . . ." (1-RR-51-52). Notwithstanding that, Evangelina is raising all these issues now in Juárez, where this case belongs, and according to her witnesses, the only court where she can legally achieve an annulment of the 1959 Mexican divorce.

Lechuga saw no evidence of an appeal of the divorce in the documents. (1-RR-74). He testified that Miguel requested certified copies of the 1959 Mexican divorce in 2014. (1-RR-75). He testified that a final judgment was not entered in the case until 2014. (1-RR-75). He has never seen a delay of 55 years between the entry of a decree and the entry of a final unappealable judgment. (1-RR-76).

With respect to Evangelina's and Miguel's birth certificates, he conceded that although a 55-year delay in annotating a birth certificate is "irregular" and the law of 1933 required that both the birth certificates and marriage certificate be annotated, he never testified that a delay was not permitted. (1-RR-77-78, 92). There was no testimony about any legal requirement for a time frame for the annotation of a birth certificate. (1-RR-77-78, 92).

Lechuga concluded that the delay could be explained by either: these are authentic documents, presented with false statements, or two, the whole thing is false. (1-RR-76-77). Yet, he never asked Evangelina whether the signature on the 1953 Petition for divorce is hers. (1-RR-83). The date of the divorce on Evangelina's and Miguel's birth certificates indicates October 7, 2014. (1-RR-77-78). He also testified that in 1959, it was required that a divorce be published in a newspaper or periodical and he found no evidence of that. (1-RR-79-80). He concluded the process did not comply with the Mexican "legal process" and was "null." (1-RR-78-80, 88).

Basically, all of Lechuga's testimony was on Mexico's laws and procedures, further reinforcing that Evangelina should continue to pursue her claim in the Juárez court where it is already pending; not in the 245th District Court in Harris County, which has no subject matter jurisdiction.

Lechuga agreed, concluding that: ***"Well, it is under the jurisdiction of the Chihuahua court."*** (1-RR-89):

Q.   ***And in order for someone to challenge this decree of divorce and declare it null and void, pursuant to the law of 1988, that challenge has to come in the court in which the divorce was declared; is that true***?

A.   When the process of the proceedings are still going, going on, yes, but once it is finished, no.

Q.   And in this case is your testimony is that the process is not finished because Mrs. Zaragoza was not notified?

A.   Well, definitely no one can assume defense for himself of something that you do not know and according to what she herself has declared, she didn't know anything.

Q.   ***So consequently, because it's still an ongoing case, null and void, a finding of null and void has to be made by the court that has jurisdiction over this matter, which is the divorce court in Chihuahua, Mexico; is that true***?

A.   ***Well, it is under the jurisdiction of the Chihuahua court***.

Q.   Okay. Now, your opinion in this case, you were retained by Mrs. Zaragoza and her attorneys in Mexico and your opinion here today you were hired, you are a privately retained expert; is that true?

A.   Yes, I was retained. Yes.

(1-RR-89) (emphasis added). He conceded that Evangelina has already initiated the

process to render the divorce judgment void, in Chihuahua:

> Q. (BY MR. RAMOS) *Has the process, lawsuit to render the judgment decree of divorce in Chihuahua null and void, has that been initiated by Mrs. Zaragoza*, "yes" or "no."
>
> A.     *Yes*.

(1-RR-92) (emphasis added).

He acknowledged that Evangelina has initiated an "annulment of a terminated process or a concluded process" in Juárez, Chihuahua to render the 1959 Mexican divorce null and void. (1-RR-91-92).

The 245th does not have subject matter jurisdiction over the legitimacy of the 1959 Mexican divorce. Evangelina has initiated a simultaneous proceeding in Mexico, which her own expert testified, is where it must be brought. This is the epitome of forum shopping and this Court should grant this Petition.

**6.     Evangelina's expert, Miguel Alessio Robles testified: The proper jurisdictional court, in order to adjudicate the legitimacy of the 1959 Mexican divorce, is "a civil court in Chihuahua."**

Evangelina's expert, Miguel Alessio Robles, is also a lawyer, in Mexico City, a professor in family and real estate law in Mexico. (1-RR-93). To testify in Harris County, he reviewed the "family file," he studied Mexican divorce law, the Mexican civil code law, the Mexican procedures civil code that were in effect in 1959, and then he studied their divorce file. (1-RR-96-97). He opined as to the logistics of the Mexican divorce proceedings and his perceived "irregularities" in formalities under Mexican law. (1-RR-99-105).

29

Most importantly, *he testified about how to address these supposed "irregularities," concluding that Evangelina must raise them in Chihuahua, Mexico, which not only has jurisdiction over the dissolution of marriage that it granted, but is the competent court*:

Q. Okay. *That you're testifying to that had all these irregularities, if Mrs. Zaragoza wanted to challenge that decree of divorce, how would she go about doing that in Mexico*?

A. *It's a nullity of a concluded procedure*. It's a new a procedure.

Q. Okay. And describe it for us. *How would she go ahead and do that*?

A. *Under Article 7 of the Civil Code of Chihuahua.*

Q. Okay.

A. *All these irregularities are against law*. The procedure is a fraud and with all these proofs, we have to notify all the procedure.

Q. And these irregularities that you're referring to, I mean, these are major violations. This is essentially a fraud.

A. Yes, it is.

Q. Okay. And since this is a major fraud or a major irregularity, this needs to be raised and brought to the attention of the Chihuahua civil court that actually issued this decree of divorce.

A. No.

Q. How would that go about?

A. *Under the same jurisdiction, not in the same court*.

Q. Same jurisdiction?

A. Not in the same court.

Q. Okay. *Why does it have to be in the same jurisdiction?*

30

A. ***Because of the competence of the court***.

Q. Okay.

A. ***The competence of the court is the jurisdiction, the place where the trial was taken up***.

Q. But you say the competence of the court where the trial took place?

A. Uh-huh.

Q. Is that a "yes"?

A. That's my opinion.

Q. ***So the proper jurisdictional court, in order to take on this issue, is the civil court in Mexico***?

A. ***A civil court in Chihuahua.***

MR. RAMOS: Thank you.

(1-RR-106-07) (emphasis added). Robles testified the only competent court with jurisdiction to address the legitimacy of the 1959 Mexican divorce is a civil court in Chihuahua. Evangelina has already initiated that process. The 245th has no subject matter jurisdiction.

The "irregularities" about which Robles testified were that Evangelina and Miguel donated real estate to one of their children that was under Miguel's name, but Evangelina had to sign the contract, because they were married in New Mexico, which is a community property state. (1-RR-97-99). He testified that: there was no marriage certificate attached to the petition for divorce, which was mandatory, and could not be proven with witnesses (1-RR-99); there was no

31

provision in the demand for divorce in the Divorce Sentence for child support or visitation and no notification to the district attorney, which was also mandatory (1-RR-101); although the Divorce Sentence was ordered for publication on June 11, 1959, he saw no evidence of publication in the public gazette of Chihuahua (1-RR-102); it was irregular for Evangelina's Petition to have been filed on May 26, 1959 and for the decree to be entered the next day (1-RR-103); the missing child is an irregularity in the Divorce Sentence (1-RR-103-04); it is not customary to annotate a birth certificate, such as Evangelina's and Miguel's had been done on October 7, 2014, and it is customary only for the marriage certificate to be annotated (1-RR-105); and for a divorce to be annotated on a birth certificate 55 years later is an irregularity on its face. (1-RR-105).

To sum up, Robles, like Evangelina's other witnesses, concluded that any "irregularities" must be raised in the *same jurisdiction in Chihuahua* because that is the "competence of the court." (1-RR-106-07) (emphasis added). Evangelina has already initiated this proceeding, it is ongoing, and 245th has no subject matter jurisdiction.

**7.**     **Evangelina's witnesses at the Plea to the Jurisdiction hearing primarily reside in Juárez or in other parts of Mexico; none reside in Harris County.**

Evangelina has ten living children. Three of them testified at the Plea to the Jurisdiction hearing. And she called a priest to testify. None of her witnesses have

32

permanent residence in Harris County. Every expert and witness was from Mexico, and the one son, from San Diego (although he owns two homes in Mexico as well). This proceeding belongs in Mexico.

Most of Evangelina's children live far from Harris County. Her son, Miguel Lopez, testified that of his siblings, two live in San Diego; a sister lives in Costa Rica, two live in the State of Querétaro in Mexico; a brother in the City of Saltillo, in the State of Coahuila, in Mexico; and Evita, Georgina, Myrna, and himself live in the City of Juárez, in the State of Chihuahua, in Mexico. (1-RR-130). Evangelina called Jose Maria Rubin, a Catholic priest, to testify, who has not seen she or Miguel since October 17, 2003, and that was in Juárez. (1-RR-158, 160). He lives in Mexico City. (1-RR-158). None of these witnesses live in Harris County.

This case belongs in Mexico where Evangelina's Mexican lawyer, Munoz, testified there are five pending lawsuits already, at least two of which are on the legitimacy of the 1959 Mexican divorce. (1-RR-115-17). He testified that Evangelina has the resources to pursue her claims there. *Id.*

The 245th District Court lacks subject matter jurisdiction over this divorce case because, first, Relators supplied the 245th with the necessary information under Texas Rule of Evidence 201 for it to take judicial notice of the Mexican Divorce Records. The trial court's duty to take judicial notice was mandatory. The Mexican Divorce Records establish that there is no marriage, which deprives the 245th of subject matter jurisdiction over a divorce action. Moreover, Evangelina's Texas counsel presented for admission into evidence P-2, which is the original and translated versions, of the Mexican Divorce Sentence and the Mexican Divorce Certificate, at the Plea to the Jurisdiction hearing, and had no objections to Relators' translations. (1-RR-34-35, 67, 161, 166-67). Yet, the 245th refused to take judicial notice of the Mexican Divorce Records, which showed they have been divorced since 1959, thereby abusing its discretion.

Second, the matter of the legitimacy of Evangelina's and Miguel's 1959 Mexican divorce is pending in a simultaneous proceeding in the City of Juárez, in the State of Chihuahua, in Mexico, which Evangelina initiated, where she seeks to annul the divorce under Mexican law. The courts in Juárez, Chihuahua in Mexico, which dissolved the marriage in 1959, have jurisdiction, not the 245th Judicial District Court in Harris County.

Evangelina's own experts all testified that the Juárez, Chihuahua court is *competent* and has *jurisdiction* to decide her annulment of the 1959 Mexican divorce action, which is pending. And the Mexican lawyer representing her in that lawsuit testified at the Plea to the Jurisdiction hearing that Evangelina has the resources and is zealously pursuing her claim to the annul the marriage there. Finally, that same Mexican lawyer is representing Evangelina in another proceeding in Juárez, brought by Miguel, to enforce the 1959 Mexican divorce.

Evangelina initiated the underlying divorce proceeding in the 245th District Court claiming she is married, when at the same time, she is asking the Mexican courts to determine whether she really is. She cannot collaterally attack the 1959 Mexican divorce here.

Evangelina is forum shopping. It's that simple.

Both Mexico's and Texas' courts cannot have subject matter jurisdiction. It's apparent from the witnesses and testimony at the Plea to the Jurisdiction hearing that only the Juárez court that dissolved the marriage in 1959 has jurisdiction, and is a competent court, to consider her challenge to the 1959 Mexican divorce.

Third, and finally, Relators have no legitimate connection to this family matter between Evangelina and Miguel. Carrillo works for Miguel. Evangelina's claims against Relators purport to arise out of or depend upon a matrimonial

35

fiduciary relationship that has not existed for over fifty years, no claims against them can survive dismissal.

Accordingly, the Juárez court is already considering Evangelina's annulment of divorce and has jurisdiction to do so. The 245th has no subject matter jurisdiction.

Thus, Relators respectfully request that this Court command the 245th to vacate its Order Denying Relators' Plea to the Jurisdiction of May 11, 2015, to command it to dismiss the underlying lawsuit and all claims against them for want of subject matter jurisdiction, and for all other relief to which they might be entitled.

## ARGUMENT

### I. Mandamus standard of review.

Subject matter jurisdiction is never presumed and cannot be waived. *In re Am. Nat'l County Mut. Ins. Co.*, No. 14-12-01135-CV, 2013 Tex.App.LEXIS 1278, at *4 (Tex. App.—Houston [14th Dist.] Feb. 6, 2013, orig. proceeding) (citing *Tex. Ass'n of Business v. Air Control Bd.*, 852 S.W.2d 440 (Tex. 1993)). A trial court has no discretion and must dismiss the case as a ministerial act when it lacks subject matter jurisdiction. *Id.* Mandamus is available where the trial court's action is void as a matter of law, and entitles Relators to mandamus relief. *Id.* (citing *In re John G. and Marie Stella Kenedy Memorial Foundation*, 315 S.W.3d

36

519, 522 (Tex. 2010) (mandamus relief was appropriate in case in which trial court lacked jurisdiction because plaintiff had no standing)).

Insofar as the jurisdictional issue is concerned, the existence or absence of subject matter jurisdiction is a question of law reviewed de novo. *In re Barnes*, 127 S.W.3d 843, 846 (Tex. App.—San Antonio 2003, orig. proceeding).

When an order is void, the relator need not show that he does not have an adequate appellate remedy, and mandamus relief is appropriate. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam). An order signed when the trial court lacks jurisdiction is void, and thus, subject to mandamus. *See In re Park Memorial Condo. Assoc., Inc.*, 322 S.W.3d 447, 448, 452 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding) (conditionally granting mandamus because the trial court's orders compelling the Association to distribute insurance proceeds are void for lack of jurisdiction because the party's pleadings did not request the relief the trial court granted, and thus, did not support the judgment; the trial court had no jurisdiction to render the judgment, and thus, the order was void.); *In re JP Morgan Chase Bank, N.A.*, No. 14-10-01124-CV, 2011 Tex.App.LEXIS 414, at *2-3 (Tex. App.—Houston [14th Dist.] Jan. 20, 2011, orig. proceeding) (per curiam) (granting mandamus where trial court issued an order beyond its jurisdiction by signing an order long after its plenary power

had expired). Thus, the "adequate remedy at law" prong of the traditional mandamus test is not in play here.

When a trial court exceeds its jurisdictional authority, "mandamus is proper even without a showing that the relator lacks an adequate remedy on appeal." *In re Vaishangi, Inc.*, 442 S.W.3d 256, 261 (Tex. 2014) (per curiam) (citing *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (per curiam) ("Mandamus is proper if a trial court issues an order beyond its jurisdiction . . . . Further, because the order was void, the relator need not show it did not have an adequate appellate remedy, and mandamus relief is appropriate.").

## II. The trial court failed to apply the law correctly by refusing to take judicial notice of a foreign country's court records establishing the adjudicative fact that Evangelina and Miguel are divorced.

The trial court clearly abused its discretion by refusing to judicially notice the Mexican Divorce Records, and subsequently denying Relators' Plea to the Jurisdiction. This Court should grant mandamus relief because:

(a) Relators supplied the court with the necessary information;

(b) the court's duty to take judicial notice was mandatory; and

(c) the Mexican Divorce Records establish that there is no marriage, which deprives the Family Court of subject matter jurisdiction over a divorce action.

Evangelina agreed that taking judicial notice was proper. (7-CR). The first header and sentence of Evangelina's Response to Co-Respondent's Plea to the Jurisdiction is: "Petitioner does not object to the Court's taking judicial notice of

38

the Mexican judgment."  (7-CR-2).

Co-Respondents seek to have the Court take judicial notice of the Mexican Divorce and in support show that the Mexican Divorce bears the apostille of a court official in Juarez, Chihuahua, Mexico. Co-Respondents thus assert validity of the underlying document under 902(3) of the Texas Rules of Evidence without any recognition or explanation of such underlying document being subject to appeal and/or being irregular on its face. These are two separate and distinct inquiries that the Court must make in connection with the Co-Respondents' requests.

## ARGUMENT

### 1. Petitioner does not object to the Court's taking judicial notice.

Petitioner does not object to the Court's taking judicial notice of the Mexican judgment. However, the Court's taking of judicial notice does not entitle Co-Respondents to simply rest on the Mexican decree to deprive this Court of subject-matter jurisdiction. First, the Full Faith and Credit clause of the United States Constitution does **not** require that binding effect and validity be given to a judgment of a foreign country, especially when such judgments are shown to be invalid. *Schacht v. Schacht*, 435 S.W.2d 197, 202 (Tex. Civ. App. Dallas 1968, no writ) (stating that the Texas court is not required to recognize the Mexican divorce decree); *see also In re E.H.*, No. 14-13-00622-CV, 2014 WL 5380088, at *3 (Tex. App.—Houston [14th Dist.] Oct. 23, 2014, pet. requested). Second, taking judicial notice does not mean the Court must enforce the Mexican judgment; the Mexican judgment is both irregular on its face and is subject to appeal in Mexico. In fact, Co-Respondents' statement that Petitioner has not and cannot challenge the Mexican divorce records is demonstrably false. These records have been challenged both in Mexico and in the United States.

HOU 408283121v2

Evangelina's Texas counsel also conceded that she is challenging the Final

Decree in Mexico. (7-CR-2). Thus, the 245th abused its discretion by failing to take judicial notice of the Mexican Divorce Records.

**A. Rule of Evidence 201 *mandates* judicial notice when the court is supplied with the necessary information.**

Texas Rule of Evidence 201 requires a court to take judicial notice of an adjudicative fact "if requested by a party and supplied with the necessary information." TEX. R. EVID. 201(d). A judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. TEX. R. EVID. 201(b). Matters of public record are subject to judicial notice. *Id.*; *see Langdal v. Villamil*, 813 S.W.2d 187, 190 (Tex. App.—Houston [14th Dist.] 1991, no writ). Additionally, a court should take judicial notice of another court's records when they are provided by the proponent in an accepted form (*i.e.*, either sworn or certified). *Old Republic Surety Co. v. Bonham State Bank*, 172 S.W.3d 210, 218 n.4 (Tex. App.—Texarkana 2005, no pet.). Judicial notice may be taken at any stage of the proceeding. TEX. R. EVID. 201(f).

Relators requested the trial court to take judicial notice of the fact that Evangelina and Miguel obtained a divorce in Mexico in 1959. It is undisputed that they were married on or about October 14, 1953. (8-CR-4). However, the Amended Petition incorrectly asserts that they were, and continue to be, "husband

41

and wife" after October 1953. *Id*. at 5. In fact, the Second Civil Judge of the Bravos District, Hon. Carlos Martinez Alvidrez, granted a divorce on May 27, 1959. (3-CR). The court determined it had jurisdiction to resolve the case. *Id*. The court then declared the marriage between Evangelina and Miguel "dissolved with all its legal consequences" and "both parties [were decreed] legally able to remarry." *Id*. The court resolved that "there are no common assets of the community property" and that the children of the marriage who were then minors "shall remain under the custody and care of their mother." *Id*.

**B.    Relators supplied the court with the necessary information, which Evangelina did not dispute.**

**1.    The Mexican Divorce Records are authentic.**

The accuracy and authenticity of the Mexican Divorce Records cannot reasonably be questioned. The Mexican Divorce Records comply with applicable Texas Rule of Evidence regarding judicial notice of foreign-language documents, in that they are authentic and they have been properly translated. (1-RR-CE-1-4); (3-6-CR).

Certified copies of government records are self-authenticating under Texas Rule of Evidence 902. TEX. R. EVID. 902(3). Foreign public documents that purport to be executed or attested in an official capacity by a person authorized by the laws of the foreign country to make the execution or attestation, and accompanied by a final certification as to the genuineness of the signature and

42

official position of the executing or attesting person, do not require extrinsic evidence of authenticity. *Id.* A final certification is unnecessary when, as here, both the United States and the foreign country (here, Mexico) are parties to a treaty eliminating the requirement, such as the Hague Convention Abolishing the Requirement of Legalization for Foreign Public Documents (the "Hague Convention"). *Bruton v. State*, 428 S.W.3d 865, 879 n. 69 (Tex. Crim. App. 2014). *See also Flores v. Contreras*, 981 S.W.2d 246, 248 (Tex. App.—San Antonio 1998, pet. denied) (United States and Mexico are signatories to Hague Convention). The Hague Convention replaces the final certification with an "apostille," which certifies the signature, official position, and seal of the attesting officer.

The Mexican Divorce Records contain the necessary certifications from the government agency from whom they were requested, namely, the Civil Registry of Mexico and the Central Archive Department of Mexico. (1-RR-CE-1-4). Each of the Mexican Divorce Records contains the required apostille, which certifies the signature, official position, and seal of the attesting officer issuing the document, as required by the Hague Convention. *Id.* Therefore, the authenticity of the Mexican Divorce Records is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, as required by the Texas Rules of Evidence. *See id.*

Evangelina has not disputed what the certified and translated Mexican Divorce Records say: that she and Miguel were divorced in 1959. While she challenges the underlying circumstances that led to the divorce judgment, all her witnesses unequivocally agreed that the only proper forum with jurisdiction to decide this issue is in Juárez and Evangelina is already prosecuting her annulment of divorce there. As explained *infra*, all of her arguments about so-called "irregularities" are tantamount to a collateral attack on the 1959 Mexican divorce, which is impermissible.

Two courts cannot have jurisdiction over the legitimacy of a marriage and divorce. The Juárez court should be permitted to decide. The 245th has no subject matter jurisdiction to consider any "irregularities."

### 2. The Mexican Divorce Records were translated in strict compliance with the Rules of Evidence.

The trial court acknowledged that Relators met this requirement, as indicated in the Order: "The Court found that the requirements of Texas Rule of Evidence 1009 as related to Exhibits A-D were met." (1-CR-2). And, in fact, Evangelina's counsel did not object and stipulated several times throughout the hearing that the Exhibits complied with Rule 1009 and that the trial court could take judicial notice that the translations were accurate. (1-RR-34-35, 161, 166-67).

Each of the Mexican Divorce Records was submitted in accordance with Texas Rule of Evidence 1009, which governs the translation of foreign-language

44

documents. Specifically, translations of foreign-language documents are admissible "upon the affidavit of a qualified translator setting forth the qualifications of the translator and certifying that the translation is fair and accurate." TEX. R. EVID. 1009(a). The translations of the Mexican Divorce Records, contained within each of Carrillo Exhibits 1-4 (also referred to as Exhibits A-D), were performed by an Official Translator for the State Department of Professions of the Ministry of Education and Culture of the State of Chihuahua, Mexico, who certified and attested to the translations. (1-RR-CE-1-4); (3-6-CR).

As pertaining to translations of foreign documents, Rule 1009 requires any translation to be served on all parties at least 45 days prior to trial. TEX. R. EVID. 1009(a). The Mexican Divorce Records, translations thereof, and certifications from a qualified translator (certifying that the translation is fair and accurate), were served on all parties to this proceeding at least as early as November 11, 2014. Thus, Evangelina had possession of the translations for over 45 days. And she never filed an objection to the translations, or offered a counter translation. Accordingly, by rule, Evangelina is "preclude[d] … from attacking or offering evidence contradicting the accuracy of such translation at trial." TEX. R. EVID. 1009(c). Indeed, during the hearing, Evangelina acknowledged as much by confirming that the translations complied with Rule 1009 and that she did not object. (1-RR-34-35, 67, 161, 166-67)

45

**C.** **The trial court failed to comply with its mandatory duty to judicially notice the Mexican Divorce Records**

Having been supplied with the Mexican Divorce Records, the trial court was ***obligated*** to take judicial notice of them and the information contained therein. *See* TEX. R. EVID. 201(d) (judicial notice mandatory when supplied with the necessary information); *Attorney General of Texas v. Litten*, 999 S.W.2d 74, 77-78 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (trial court abused discretion in failing to take judicial notice of other state's statute when supplied with the information); *Magee v. Ulery*, 993 S.W.2d 332, 339 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (trial court erred in failing to take judicial notice when provided with necessary information); *Hill v. Heritage Resources, Inc.*, 964 S.W.2d 89, 137 (Tex. App.—El Paso 1998, pet. denied) (same); *Drake v. Holstead*, 757 S.W.2d 909, 911 (Tex. App.—Beaumont 1988, no writ) (same); *see also Office of Pub. Util. Counsel v. Pub. Util. Comm'n of Texas*, 878 S.W.2d 598, 600 (Tex. 1994) (holding court of appeals erred in refusing to take judicial notice of published PUC order).

The trial court's contrary order was a clear abuse, particularly in light of Evangelina's lack of objection to the form of the documents, coupled with the fact that she offered the for admission into evidence, P-2, which is the original and translated versions, of the Mexican Divorce Sentence and the Divorce Certificate, at the Plea to the Jurisdiction hearing. (1-RR-67, 166). Because the trial court clearly failed to correctly apply the law on judicial notice, mandamus is warranted.

Further, this Court has the right, and Relators believe a duty, to take judicial notice of the Mexican Divorce Records as well. *See City of El Paso v. Fox*, No. 08-12-00264-CV, 2014 WL 5023089, at *4, 2014 Tex.App.LEXIS 11157 (Tex. App.—El Paso October 8, 2014, no pet.) (court of appeals took judicial notice of adjudicative facts sua sponte) (citing *Lazarides v. Farris*, 367 S.W.3d 788, 799 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (taking judicial notice of meeting minutes available on city's website); *Langdale v. Villamil*, 813 S.W.2d 187, 190 (Tex. App.—Houston [14th Dist.] 1991, no writ) (acknowledging that court may take judicial notice of matters of public record, whether requested by a party or on its own motion, for the first time on appeal).

Therefore, Relators respectfully request that this Court take judicial notice of the Mexican Divorce Records and grant this Petition.

## III. The trial court abused its discretion by denying Relators' Plea to the Jurisdiction.

The trial court lacks subject matter jurisdiction, and thus, any order it issues, including the Order denying the Plea to the Jurisdiction is void. The trial court lacks subject matter jurisdiction over this divorce case because, the matter of the legitimacy of Evangelina's and Miguel's 1959 Mexican divorce is pending in a simultaneous proceeding in Juárez, Chihuahua, which Evangelina initiated, where she seeks to annul the divorce. That Second Civil Court, in Juárez, Chihuahua in Mexico dissolved the marriage in 1959, and has jurisdiction to consider any

47

"irregularities," not the 245th in Harris County. The 245th has no subject matter jurisdiction to consider this collateral attack on the 1959 Mexican divorce.

Moreover, every expert Evangelina called was from Mexico and agreed that the Chihuahua, Mexico 1959 Mexican divorce.

Additionally, the 245th abused its discretion because had it properly taken judicial notice of the Mexican Divorce Sentence, the Divorce Certificate, and Evangelina's and Miguel's birth certificates, the adjudicative fact that Evangelina and Miguel are divorced would have been established. Even Evangelina's Texas counsel admitted into evidence the Mexican Divorce Sentence and the Mexican Divorce Certificate as P-2, and had no objections to the translations. (1-RR-34-35, 67, 161, 166-67). Therefore, the 245th District Court has no subject matter jurisdiction to grant the divorce that was already granted in 1959.

Hence, if the 245th had taken judicial notice, Evangelina and Miguel are not married, and it could not exercise subject matter jurisdiction over this divorce proceeding.

### A. A Plea to the Jurisdiction is a proper procedural vehicle to challenge subject matter jurisdiction.

Relators challenged the trial court's subject matter jurisdiction, which "may be raised by a plea to the jurisdiction." *Bland I.S.D. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *see also Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004); *In re Marriage of J.B. and H.B.*, 326 S.W.3d 654, 659,

48

662 (Tex. App.—Dallas 2010, pet. granted). Whether a court has subject matter jurisdiction is a question of law. *Miranda*, 133 S.W.3d at 226. A party may challenge subject matter jurisdiction at any time and, when raised, the court should make the jurisdictional determination "as soon as practicable." *Bland*, 34 S.W.3d at 554. In considering a jurisdictional plea, the court is not confined to the pleadings but may consider evidence, and must do so "when necessary to resolve the jurisdictional issues raised." *Id*. at 555.

**B.    Evangelina has already initiated a simultaneous proceeding in Juárez, Chihuahua for adjudication on the legitimacy of the 1959 Mexican divorce and may not collaterally attack that decree or the Mexican Divorce Records in the 245th.**

Divorce judgments are not subject to collateral attack in a subsequent suit. *Jacobs v. Cude*, 641 S.W.2d 258, 259 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.); *see also Berry v. Berry*, 786 S.W.2d 672, 673 (Tex. 1990) (per curiam) (divorce judgments are not vulnerable to collateral attack).

Further, a judgment of a domestic relations court, which finalizes a divorce and partitions marital property, precludes any attempt to relitigate the division of property at a later time. *Walker v. Walker*, 619 S.W.2d 196, 198 (Tex. App.—Tyler 1981, writ ref'd n.r.e.); *see Moreno v. Alejandro*, 775 S.W.2d 735, 738 (Tex. App.—San Antonio 1989, writ denied). This rule applies equally to foreign and domestic divorce judgments. *See Carrillo v. Garzon*, No. 14-94-00630-CV, 1995 WL 628156, at *3, 1995 Tex.App.LEXIS 2714 (Tex. App.—Houston [14th Dist.]

49

October 26, 1995, no writ). The *Carrillo* case is particularly on point, as it barred a collateral attack on a Mexican divorce settlement in Texas court. *Id*. There, the Fourteenth Court of Appeals upheld summary judgment, concluding that res judicata prevented a former wife from filing a complaint in Texas to re-address the division of property. *Id*.

Evangelina's challenges to the Mexican Divorce Records in the Plea to the Jurisdiction hearing pertained to the experts' testimonies on "weird" stamps, no child support awarded, no final judgment entered that was unappealable until 2014, annotated birth certificates for Evangelina and Miguel in 2014, and no publication of divorce. Yet, all her experts, including the Mexican lawyer representing her in the annulment of divorce proceeding in Mexico, all agreed that these supposed "irregularities" must be brought in the Juárez court. Evangelina has done so, and the proceeding is ongoing.

These are not valid challenges to raise to the 245th. Instead, any attempt to do so would be barred by res judicata and collateral estoppel.[7] Res judicata bars all claims related to the subject matter of the original cause of action which could have been litigated in the original suit. *Weiman v. Addicks-Fairbanks Road Sand*

---

[7] Res judicata and collateral estoppel precepts apply in family law cases. *Smith v. Ferguson*, 160 S.W.3d 115, 123-24 (Tex. App.—Dallas 2005, pet. denied); *Nelson v. Williams*, 135 S.W.3d 202, 206 (Tex. App.—Waco 2004, pet. denied) (citing *Baxter v. Ruddle*, 794 S.W.2d 761, 763 (Tex. 1990) (holding res judicata applies to a final divorce decree to the same extent that it applies to any other final judgment)).

*Co.*, 846 S.W.2d 414, 418 (Tex. App.—Houston [14th Dist.] 1992, writ denied). A final judgment on an action extinguishes the right to bring suit on the transaction out of which the action arose. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 631 (Tex. 1992) (citing RESTATEMENT (SECOND) OF JUDGMENTS §24(1)-(2)). Under the "transactional" approach adopted in *Barr*, a judgment in an earlier suit precludes a second action by the parties on issues both actually litigated or which arise out of the same subject matter. *Id.*; *see also Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 798 (Tex. 1992). Under Texas law, "the focus is not on whether the issue was ever presented to the court [deciding the first judgment] but whether the action arises out of the same subject matter as the first judgment and could have been litigated." *Carrillo*, 1995 WL 628156, at *3.

The 1959 Mexican divorce bars re-litigation of the issues that the Mexican court already decided, or could have decided. *See Purcell v. Bellinger*, 940 S.W.2d 599, 600 (Tex. 1997) (per curiam) (affirming trial court's summary judgment barring family law action in Texas after issue was litigated to final judgment in New York). The subject matter of Evangelina's and Miguel's Mexican divorce case was the dissolution of their marriage, the division of any assets accumulated during the marriage, and the custody of their minor children. *See Carrillo*, 1995 WL 628156, at *3. As her experts all testified, Evangelina had the opportunity to

51

litigate the division of assets during that proceeding, and never challenged the division of assets in Mexican court after the Mexican divorce became final. *See id*.

As the Mexican Divorce Records indicate, Evangelina and Miguel have been divorced since 1959. The Chihuahua court that issued the Divorce Sentence and Divorce Certificate has ongoing, continuing, exclusive jurisdiction, when at the time of the divorce, they represented to that court that they had three minor children. Evangelina cannot now attempt to circumvent the result of that proceeding, a divorce that she initiated and never challenged or appealed in a Mexican court. Emphasizing this point, all of Evangelina's witnesses agreed that any action to declare the Mexican divorce judgment invalid must be brought in Mexico. (1-RR-75-76, 88-89, 105-07, 115-16).

Until Evangelina does what her own experts said she must do, and secures an order declaring the divorce judgment invalid from a court in Mexico, the 245th lacks jurisdiction to adjudicate the alleged divorce because it has already been adjudicated. She has a simultaneous proceeding pending in Juárez. The 245th has no subject matter jurisdiction.

**C.  The 245th has no jurisdiction over Evangelina's claims against Relators, which are based on a fiduciary relationship that ceased to exist in 1959.**

Carrillo and Texas LPG Storage have no legitimate connection to this family matter between Evangelina and Miguel. Under Texas law, the fiduciary duty

arising from the marital relationship ceases when the husband and wife become adverse, including during the period when they are divorcing. *Parker v. Parker*, 897 S.W.2d 918, 924 (Tex. App.—Fort Worth 1995, writ denied), *overruled on other grounds*, *Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41 (Tex. 1998) (reversing and modifying award of contractual alimony based on breach of fiduciary duty relating to settlement between husband and wife because "[fiduciary] relationship terminates in a contested divorce when a husband and wife each have independent attorneys and financial advisers"). The reasons for this well-established point of law becomes particularly apparent in the context of "hotly contested divorce proceedings." *Toles v. Toles*, 113 S.W.3d 899, 916 (Tex. App.—Dallas 2003, no pet.) (holding that, when wife's allegations of husband's breach of fiduciary duty arose in such a context, and husband and wife were each represented by independent attorneys, husband did not owe wife "a legal or equitable duty in the conduct of those proceedings"); *Boyd v. Boyd*, 67 S.W.3d 398, 405 (Tex. App.—Fort Worth 2002, no pet.) ("The fiduciary duty arising from the marriage relationship does not continue when a husband and wife each hire independent professional counsel to represent them in a contested divorce proceeding.").

Evangelina's and Miguel's fiduciary relationship terminated in 1959 when they were legally divorced in Mexico. Evangelina's allegations against the Relators

53

are dependent on these parties' relationship, if any, to Miguel. (8-CR-7-10). Because Miguel's fiduciary duties to Evangelina ceased in 1959, so too did any possible liability of Relators based on theories of alter ego liability/piercing the corporate veil, or single business enterprise, or any other derivative theory no matter how phrased.

Evangelina's First Amended Petition purports to assert claims for constructive fraud/fraud, piercing the corporate veil/alter ego, single business enterprise, and breach of fiduciary duty. Relators are mentioned in the portions regarding piercing the corporate veil/alter ego and single business enterprise, which allege that Miguel "failed to retain and diverted funds of the community in order to fraudulently acquire and enhance the value of the Co-Respondent individuals' estates and the entities' holdings" and that Miguel "collects all revenues and is involved in the oversight and direction of the Third Party Co-Respondent individuals and entities." (8-CR-8-9). The remaining claims—constructive fraud/fraud and breach of fiduciary duty—are necessarily tied to Miguel's fiduciary relationship, if any, to Evangelina, by virtue of their marital relationship. *See Matter of Marriage of Moore*, 890 S.W.2d 821, 827 (Tex. App.—Amarillo 1994, no writ) (under Texas family law, constructive fraud is based upon the existence of a fiduciary duty requiring utmost good faith).

Relators are not named in these causes of action, except as the alleged recipients of community property in connection to Evangelina's fraud claims. (8-CR-6). Relators' only potential involvement in this case is as alleged alter egos of Miguel. It follows, then, that Relators could be held liable for constructive fraud/fraud or breach of fiduciary duty only if Miguel is also found to be liable under these theories.

Alter ego is an equitable means of imposing individual liability where it would not otherwise exist. *Kern v. Gleason*, 840 S.W.2d 730, 736 (Tex. App.—Amarillo 1992, no writ). Alter ego liability should only be applied in extraordinary circumstances. *Sagebrush Sales Co. v. Strauss*, 605 S.W.2d 857, 860 (Tex. 1980); *Heafner & Assocs. v. Koecher*, No. 01-91-01075-CV, 1994 WL 389030, at *14 1994 Tex.App.LEXIS 1868 (Tex. App.—Houston [1st Dist.] July 28, 1994, writ denied) (when wife failed to procure award of actual damages, in tort or otherwise, against husband, "there is no potential for the kind of 'injustice' to which the alter ego doctrine is addressed"). In order to be properly held an alter ego of Miguel in this matter, Relators must have been alter egos of Miguel during the time Evangelina and Miguel were legally married. *See Zisblatt v. Zisblatt*, 693 S.W.2d 944, 955 (Tex. App.—Fort Worth 1985, writ dism'd w.o.j.) (holding that corporation was alter ego of respondent because "the evidence overwhelmingly establishes that [respondent and co-respondent were alter egos] at the time the

55

parties were married, at the time the stock was ostensibly transferred […] and through the time of the parties' divorce").

Here, if Relators were ever the alter egos of Miguel, which they deny, it was only after Evangelina and Miguel divorced and any fiduciary relationship between them ceased to exist. Therefore, Relators could not have a fiduciary duty to Evangelina based on alter ego, piercing the corporate veil, single business enterprise, or any other legal theory.

## CONCLUSION

Relators, Ernesto Carrillo and Texas LPG Storage Company, respectfully request that this Court command the 245th to vacate its Order Denying Relators' Plea to the Jurisdiction of May 11, 2015, to command it to dismiss the underlying lawsuit and all claims against them for want of subject matter jurisdiction, and for all other relief to which they might be entitled.

Respectfully submitted,

/s/ Ricardo L. Ramos
_____

Ricardo L. Ramos
State Bar No. 24027648
RICARDO L. RAMOS, PLLC
440 Louisiana, Suite 1450
Houston, Texas 77002
Telephone: (713) 227-7383
Facsimile: (713) 227-0104
rick@rr-familylaw.com

Lucy H. Forbes
Texas State Bar No. 24007321
The Forbes Firm, PLLC
2114 Woodcrest Drive
Houston, Texas 77018
Telephone:  (832) 620-3030
Facsimile:  (832) 532-3789
E-mail:  lucy@forbesfirm.com

ATTORNEYS FOR RELATORS, ERNESTO
CARRILLO AND
TEXAS LPG STORAGE COMPANY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Relators Ernesto Carrillo's and Texas LPG Storage Company's Petition for Writ of Mandamus and Record has been served electronically through the electronic filing manager; in the alternative, it has been served in person, by mail, by commercial delivery service, by fax, or by email, as permitted under TEX. R. APP. P. 9.5(b) (1) – (2) and the TEX. R. CIV. P. 21(a)(1) - (2) to the following persons on this the <u>9th</u> day of April, 2015:

| | |
|---|---|
| Jeanne Caldwell McDowell<br>jcm@houstontrialattorneys.com<br>Rebekah H. Birdwell<br>rhb@houstontrialattorneys.com<br>The Law Offices of Jeanne Caldwell McDowell<br>603 Avondale<br>Houston, Texas 77006<br>Fax:  (713) 655-1725 | Mary Olga Lovett<br>lovettm@gtlaw.com<br>Greenberg Traurig, L.L.P.<br>1000 Louisiana, Suite 1700<br>Houston, Texas 77002<br>Fax:  (713) 374-3505 |
| Lindsey Short<br>Adam J. Morris<br>Short Carter Morris, LLP<br>1177 West Loop South, Suite 700<br>Houston, TX 77027<br>Facsimile:  713-759-9650 | Kevin D. Jewell<br>Chamberlain, Hrdlicka, White,<br>Williams & Aughtry<br>1200 Smith Street, Suite 1400<br>Houston, Texas  77002<br>Facsimile: 713-658-2553 |
| The Honorable Roy L. Moore<br>Presiding Judge, 245th District Court<br>Harris County Civil Courthouse<br>201 Caroline, 15th Floor<br>Houston, Texas 77002 | |

_Lucy Forbes_

_____

Lucy Forbes

## CERTIFICATION

I certify that I have reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the Appendix or Record under TEX. R. APP. P. 52.3(j).

/s/ Ricardo L. Ramos

_____

Ricardo L. Ramos

## CERTIFICATE OF COMPLIANCE

As required by Texas Rule of Appellate Procedure 9.4(i)(2), (3), I certify that this computer generated brief has <u>10,516</u> words in the document, having relied on Microsoft Word 2007.

_____

Lucy H. Forbes

# No. _____

IN THE FIRST COURT OF APPEALS
AT HOUSTON, TEXAS

_____

IN RE ERNESTO CARRILLO AND
TEXAS LPG STORAGE CO.,
RELATORS

_____

From the 245th District Court of Harris County, Texas
The Honorable Roy Moore, presiding
Trial Court Cause No. 2014-30215
In the Matter of the Marriage of Evangelina Lopez Guzman Zaragoza and Miguel Zaragoza
Fuentes and Co-Respondents, Elsa Esther Carrillo Anchondo, Robert Dale Caucom, Ernesto
Carrillo, Raoul Gisler, Abbingdon Marine, Inc., Cadogan Properties, Inc., Dade Aviation, Inc.,
Ezar Management, LLC, Ezar Properties, LP, Texas LPG Storage Company, and
Texas Overseas Gas Corp.

_____

**RELATORS ERNESTO CARRILLO'S AND TEXAS LPG STORAGE COMPANY'S
APPENDIX**

_____

**RELATORS' CLERK'S RECORD**

| Tab | Description | Record Cite |
|-----|-------------|-------------|
| 1. | Order Denying Plea to the Jurisdiction, March 11, 2015 | 1-CR |
| 2. | Plea to the Jurisdiction by Co-Respondents Myrna Alicia Zaragoza Lopez, Ernesto Carrillo, and Texas LPG Storage Company, February 27, 2015 | 2-CR |
| 3. | Exhibit 1 or A to the Plea to the Jurisdiction, Mexican Divorce Sentence of May 27, 1959 | 3-CR |
| 4. | Exhibit 2 or B to the Plea to the Jurisdiction, Mexican Divorce Certificate of 1959 | 4-CR |

5.  Exhibit 3 or C to the Plea to the Jurisdiction, Miguel's Mexican Birth Certificate ............................................................... 5-CR

6.  Exhibit 4 or D to the Plea to the Jurisdiction, Evangelina's Mexican Birth Certificate ............................................................... 6-CR

7.  Petitioner's Response to Co-Respondent's Plea to the Jurisdiction, March 3, 2015 ..................................................... 7-CR

8.  Evangelina's First Amended Petition for Divorce, with Application for Appointment of Receiver and Motion for Expedited Trial Setting, October 9, 2014 ........................................... 8-CR

9.  Evangelina's Original Petition for Divorce, with Application for Appointment of Receiver and Temporary Restraining Order with Notice of Hearing, May 27, 2014 ..................................... 9-CR

10. Ernesto Carrillo's Respondent's Original Answer, November 11, 2014 ..................................................................... 10-CR

11. Co-Respondent's Texas LPG Storage Company's Original Answer, November 10, 2014 ............................................................ 11-CR

12. Affidavit of Rick Ramos ................................................................. 12-CR

No. _____

IN THE FIRST COURT OF APPEALS
AT HOUSTON, TEXAS

_____

IN RE ERNESTO CARRILLO AND
TEXAS LPG STORAGE CO.,
RELATORS

_____

From the 245th District Court of Harris County, Texas
The Honorable Roy Moore, presiding
Trial Court Cause No. 2014-30215
In the Matter of the Marriage of Evangelina Lopez Guzman Zaragoza and Miguel Zaragoza
Fuentes and Co-Respondents, Elsa Esther Carrillo Anchondo, Robert Dale Caucom, Ernesto
Carrillo, Raoul Gisler, Abbingdon Marine, Inc., Cadogan Properties, Inc., Dade Aviation, Inc.,
Ezar Management, LLC, Ezar Properties, LP, Texas LPG Storage Company, and
Texas Overseas Gas Corp.

_____

**RELATORS ERNESTO CARRILLO'S AND TEXAS LPG STORAGE COMPANY'S
APPENDIX**

_____

**RELATORS' REPORTER'S RECORD**

| <u>Tab</u> | <u>Description</u> | <u>Record Cite</u> |
|---|---|---|
| 1. | Plea to the Jurisdiction and Additional Temporary Orders Hearing, March 4, 2015 | 1-RR |
| 2. | Carrillo Exhibit 1 | 1-RR-CE-1 |
| 3. | Carrillo Exhibit 2 | 1-RR-CE-2 |
| 4. | Carrillo Exhibit 3 | 1-RR-CE-3 |
| 5. | Carrillo Exhibit 4 | 1-RR-CE-4 |

6.  P-1 ....................................................................... 1-RR-P-1

7.  P-2 ...................................................................... 1-RR-P-2

8.  P-5 ...................................................................... 1-RR-P-5

9.  P-6 ...................................................................... 1-RR-P-6

10. P-7 ..................................................................... 1-RR-P-7

11. P-8 ..................................................................... 1-RR-P-8

12. P-9 ..................................................................... 1-RR-P-9

13. P-10 ................................................................... 1-RR-P-10

14. P-11 .................................................................. 1-RR-P-11

15. P-13 .................................................................. 1-RR-P-13

16. P-15 .................................................................. 1-RR-P-15

17. P-19 .................................................................. 1-RR-P-19

18. Entry of Orders on Plea to the Jurisdiction and Additional
    Temporary Orders, March 11, 2015 ..................................... 2-RR